Appellee=s Second Motion for Rehearing Overruled








Appellee=s Second Motion for Rehearing Overruled.  Reversed and
Remanded and Supplemental Majority Opinion and Dissenting Opinion on Motion for
Rehearing filed May 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00098-CR

____________

 

ANGEL RESENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 960399

 



 

S U P P L E M E N T A L   M A J O R I T Y   O P I N I O N   O N  M O T I O
N  F O R  

R E H E A R I N G  

On August 30, 2007, this court issued a substitute opinion
in which it reversed and remanded the case for a new trial.  On October 15,
2007, the State filed a second motion for rehearing requesting this court to
reconsider its substitute opinion.  We overrule the State=s second motion
for rehearing, but we issue this supplemental opinion to address matters raised
by the State.  








In its second motion for rehearing, the State argues even
assuming appellant was in custody during the second interview, the lack of Miranda
warnings did not render appellant=s confession
inadmissible because Officer McDaniel advised appellant of his rights before he
made appellant=s first videotaped statement two days earlier. 
According to the State, it is irrelevant whether appellant was in custody
because the warnings appellant received during the first interview were still
in effect during the second interview.  The State, however, admits it did not
bring forth this argument on appeal or in its first motion for rehearing.

A.      Can the
Court Consider a New Argument on Rehearing?

  Before addressing the merits, we must first determine
whether we can consider a new argument raised in a motion for rehearing. The
Court of Criminal Appeals has determined if a party raises a new ground for the
first time on a motion for rehearing, the decision of whether to consider the
new matter is Aleft to the sound discretion of the appellate court.@  Rochelle v.
State, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990).  The Court has held
there are times when Aas justice requires@ or Ain the interest of
justice@ an appellate
court may consider a motion for rehearing to decide an issue not presented in
the original briefs.  Hughes v. State, 878 S.W.2d 142, 151 (Tex. Crim.
App. 1990) (citing Boyle v. State, 820 S.W.2d 122, 141 (Tex. Crim. App.
1991) (op. on reh=g); Rochelle, 791 S.W.2d at 121). 
Accordingly, we exercise our discretion and will consider the State=s new argument Ain the interest of
justice.@








In appellant=s response, he
argues the State waived this new argument because it failed to raise this issue
during the suppression hearing.  We disagree with appellant.  When the State
prevails at the suppression hearing, the court of appeals is obligated to
uphold the trial court=s ruling on a motion to suppress if that
ruling is supported by the record and is correct under any theory of law
applicable to the case.  Armendariz v. State, 123 S.W.3d 401, 404 (Tex.
Crim. App. 2003); State v. Ross, 32 S.W.3d 853, 855B56 (Tex. Crim.
App. 2000).  Essentially, when the State wins a motion to suppress and the
defendant appeals the decision, the State may bring forth new theories of law
applicable to the case which were not raised in the suppression hearing.  See
Armendariz, 123 S.W.3d at 404B05 (reversing the
appellate court and determining the trial court could have reasonably denied
appellant=s motion to suppress given the record and the
applicable law even though the State failed to bring forth the arguments at the
suppression hearing); State v. Mercado, 972 S.W.2d 75, 77 (Tex. Crim.
App. 1998) (A[W]hen the prosecution wins on the motion to suppress,
the government cannot be faulted for not insisting upon an inquiry into yet
another basis upon which it might defeat the suppression motion.@).  

Appellant
cites to State v. Mercado and State v. Steelman in support of his
argument that issues not argued at the suppression hearing are deemed waived on
appeal; however, appellant fails to recognize both Mercado and
Steelman stand for the proposition that when the State loses the
suppression hearing and appeals the decision, the State may not bring forth new
points of error.  See State v. Steelman, 93 S.W.3d 102, 105B07 (Tex. Crim. App. 2002); Mercado,
972 S.W.2d at 77B78.  In this case, the State won the suppression hearing and
the defendant appealed, therefore, Mercado and Steelman do not
apply.








Appellant
also cites to this court=s decision in Barocio v. State as support.  In Barocio,
the trial court denied the defendant=s motion to suppress, the defendant
appealed the decision, the State attempted to raise a new argument to support
the denial, and this court, in a plurality opinion, held the State=s new argument was waived.  Barocio
v. State, 117 S.W.3d 19, 26 (Tex. App.CHouston [14th Dist.] 2003) (plurality
op.), rev=d on other grounds, 158 S.W.3d 498 (Tex. Crim. App. 2005).  However, the
clear import of Armendariz is that the State, in the wake of a trial
court=s denial of a motion to suppress,
retains the right to supplement its arguments on appeal supporting the trial
court=s ruling on the motion.  See
Armendariz, 123 S.W.3d at 404B05.  This rule is inapplicable only
when the State is not the prevailing party on the motion to suppress.  See
Steelman, 93 S.W.3d at 105B07; Mercado, 972 S.W.2d at 77B78.  Thus, Barocio conflicts
with the rule in Armendariz and incorrectly applies the law. 
Furthermore, Barocio is a one-judge plurality opinion, which has no
precedential value, and is not binding authority on this court.  See Chavez
v. State, 9 S.W.3d 817, 833 (Tex. Crim. App. 2000) (stating a plurality
opinion is not binding precedent).  Accordingly, we find the State did not waive
its argument by failing to raise it during the suppression hearing.  

B.      Were the
Warnings Given to Appellant During the First Interview Still in Effect During
the Second Interview?

The State concedes it did not read appellant his Miranda
rights before conducting the second interview; however, it now argues this lack
of Miranda warnings did not render appellant=s confession
inadmissible because Officer McDaniel advised appellant of his Miranda rights
before he made appellant=s first videotaped statement two days
earlier.  We will analyze this argument under both constitutional principles
and the Texas Code of Criminal Procedure (Athe Code@).        

1.       United
States and Texas Constitutional Principles

a.       Applicable
Law

The safeguards established in Miranda come into play
when a person in custody is subjected to either express questioning or its
functional equivalent.  Rhode Island v. Innis, 446 U.S. 291, 300, 100 S.
Ct. 1682, 1689, 64 L. Ed. 2d 297 (1980).  The State, however, cites two Texas
Court of Criminal Appeals cases for the proposition that when a suspect
provides two statements that are separated by the passage of time and Miranda
warnings were provided before the first statement, the mere passage of time does
not automatically vitiate the prior warnings.  See Jones v. State, 119
S.W.3d 766, 773B74 n.13 (Tex. Crim. App. 2003); Ex
parte Bagley, 509 S.W.2d 332, 337B38 (Tex. Crim.
App. 1974).








In Ex parte Bagley, the arresting officer, a
magistrate, and the assistant district attorney warned the defendant.  Ex
parte Bagley, 509 S.W.2d at 335.  Subsequent warnings were given before a
polygraph exam and before the complained of statement.  Id.  During the
polygraph examination, the defendant expressed his desire to make a statement,
so the assistant district attorney again warned the defendant, and the
defendant=s statement was reduced to writing.  Id.  This
statement, however, was not the confession introduced into evidence.  Id.
at 336.  Upon completion of the written statement, the defendant returned to
his jail cell.  Id.  Later that evening, the assistant district attorney
questioned the defendant again.  Id.  Before taking a second statement,
the assistant district attorney again warned the defendant but in general
terms.  Id. at 336B37.  The two then went over the defendant=s previous
statement and determined it needed corrections.  Id. at 336.  This
resulting confession was the confession introduced at trial.  Id.  On
appeal, the defendant claimed the confession introduced at trial was void
because at the time he made it he had not been warned of his right to have an
attorney present during the interrogation.  Id. at 334.

Ultimately, the Court decided the warnings given to the
defendant immediately preceding his second statement were adequate, but the Court also
found the warnings given six to eight hours earlier during his first statement
would have satisfied the dictates of Miranda.  Id. at 337.  As
support, the Court cited federal circuit court cases for the proposition that Miranda
warnings were not automatically extinguished by the mere passage of time, and
in some cases Miranda warnings were still effective for statements given
two or three days later.  See id. (citing United States v.
Hopkins, 433 F.2d 1041 (5th Cir. 1970); United States v. Springer,
460 F.2d 1344 (7th Cir. 1972); Maguire v. United States, 396 F.2d 327
(9th Cir. 1968)).  

In Jones
v. State, while being questioned by the State on two different occasions,
the defendant made two statements regarding the murder of Berthena Bryant.  Jones,
119 S.W.3d at 771.  The detective read the defendant his Miranda rights
before each of these statements.  Id.  Nine or ten days later, the
defendant gave a statement to a Texas Ranger implicating himself in two
extraneous murders.  Id.  The Texas Ranger did not read the defendant
his rights until after he made his statement.  Id. at 772.  On appeal, the
defendant argued the Texas Ranger=s failure to inform the defendant of
his rights before making his statement violated his Fifth Amendment rights
protected by Miranda.  Id.  








In Jones,
the Court held the statement was inadmissible because the defendant was not
properly warned.  Id. at 776.  Presiding Judge Keller, however, wrote a
concurring opinion in which she provided a comprehensive study of case law from
numerous jurisdictions illustrating the effectiveness of Miranda
warnings and their ability to remain in effect for purposes of interviews
conducted days after the administration of the warnings.  Id. at 794B801 (Keller, P.J., concurring). The majority
opinion recognized Judge Keller=s analysis and stated A[i]t is true that the >mere passage of time= does not, by itself [vitiate] prior Miranda
warnings.@  Id. at 774 n.13.  The majority also stated A[t]he cases cited by the concurrence
are very appropriate to, and might well be dispositive of, this issue had the
interrogation been by [the same officer] about [the same murder].@  Id.  This language
supports the conclusion if appellant had made a subsequent, unwarned statement
to the same officer regarding the same offense, the earlier Miranda
warnings would have remained in effect.  See id.

The Fort Worth Court of Appeals accepted this concept in
Miller v. State, 196 S.W.3d 256, 266 (Tex. App.CFort Worth 2006,
pet. ref=d).  In Miller,
officers arrested the defendant on September 11, 2003, and that same day, the
defendant gave a statement after being read his Miranda rights.  Id.
at 262.  The next day, the defendant once again received his Miranda warnings
and agreed to become a confidential informant.  Id. at 263.  On
September 16, the police had a meeting with the defendant and learned the
defendant had violated the terms of their agreement.  Id. The officers
subsequently obtained a search warrant for the defendant=s home.  Id. 
After the defendant showed the officers the location of the drugs and money,
they informed the defendant of his Miranda rights.  Id.  On
appeal, the defendant argued the officers obtained his confession in violation
of Miranda.  Id. at 262.  








The court of appeals, relying on Jones, Ex parte
Bagley, and other federal court cases, concluded A[a]lthough
Appellant was not given his Miranda rights during the meeting on
September 16, 2003, he met with the same officer who had read his Miranda
rights only four days earlier.  The questioning on both occasions dealt with
the same subjectBAppellant acting as a confidential
informant.  There was no need for the officers to give additional Miranda
rights before [the officer] conducted further discussions with Appellant
regarding his roll as a confidential informant.@  Id. at
266B67.  

After reviewing the relevant case law, we believe a number
of factors should be considered when trying to determine whether previous Miranda
warnings are still in effect for subsequent, unwarned statements.  These
factors include: (1) the passage of time; (2) whether the subsequent
interrogation was conducted by the same officer; (3) whether the subsequent
interrogation involved the same crime; (4) whether the officer reminded the
defendant of the previous warnings; and (5) whether the officer engaged in
actions that diluted the efficacy of the warnings.  See Ex parte Bagley,
509 S.W.2d at 336B37; Jones, 119 S.W.3d at 774 n.13, 794B801 (Keller, P.J., concurring); Miller,
196 S.W.3d at 266B67; see also Hopkins, 433 F.2d at 1045.  

In the
current case, appellant gave his first videotaped statement on August 31, 2003. 
Prior to this first videotaped statement, Officer McDaniel read appellant his Miranda
warnings.  After the first statement, appellant agreed to stage a recorded
phone conversation with Perez, his co-defendant.  Police then became suspicious
of appellant=s involvement because Perez implicated appellant in
the shooting.  On September 2, appellant agreed to take a polygraph test, which
he failed.  At this point, he was questioned and videotaped a second time by
Officers McDaniel and Moreno, and he eventually confessed to shooting Garza. 
During the second videotaped statement, the officers did not read appellant his
Miranda warnings. 








In applying the above factors, the passage of two days is
not too long to render the warnings ineffective.  See Miller, 196 S.W.3d
at 266B67 (holding the
passage of four days was not too long).  Additionally, the second interview was
conducted by the same officer[1]
about the same offense.  Further, there is no evidence in the record to suggest
the officer engaged in actions that diluted the efficacy of the warnings. 
While it is true the officer did not remind appellant of the previous warnings,
we do not think this factor alone is enough to render the statement
inadmissible.[2] 
Accordingly, we hold appellant=s second statement was not obtained in
violation of Miranda.

2.       Texas
Code of Criminal Procedure

Under Texas law, the Code provides additional rules, beyond
the requirements of Miranda, for the admission of an oral confession.  See
Tex. Code Crim. Proc. Ann. art. 38.22, ' 3(a) (Vernon
2005).  In its motion for rehearing, the State recognizes the cases cited in the
previous section may only apply to cases involving Miranda warnings
rather than the warnings required by article 38.22 of the Code since article
38.22 requires the warnings to appear on the recording itself.  As a
result, the State argues appellant failed to preserve error regarding his
rights under the Code.  Thus, we must first determine whether appellant waived
his rights under article 38.22, and then, if necessary, decide if a prior
warning remains in effect for a second oral statement for purposes of article
38.22.  

a.       Did
Appellant Waive His Rights Under Article 38.22?








The State argues appellant waived his rights under the Code
because appellant never cited article 38.22 in his suppression motion and
because appellant failed to argue it at the suppression hearing.  We disagree
with the State.  The record reflects appellant=s first attorney
filed a motion to suppress (hereinafter Athe First Motion@) in which he
argued appellant=s rights under the Fifth and Fourteenth
Amendments of the United States Constitution, Article 1, Section 9 of the Texas
Constitution, and articles 38.22 and 38.23 of the Code were violated. 
Approximately one year later, appellant obtained a second attorney who filed a
second motion to suppress (hereinafter Athe Second Motion@), but the Second
Motion did not mention a violation of appellant=s rights under the
Code.  The trial court, however, held only one suppression hearing, and the
record is unclear whether the trial court ruled on the First Motion, the Second
Motion, or both.  Nothing in the record suggests appellant=s first motion was
withdrawn or amended, so presumably the trial court considered both motions.[3]








Furthermore, assuming the trial court only considered the
Second Motion, the fact the Second Motion does not mention article 38.22 does
not automatically mean appellant waived his rights under the Code.  Appellate
Rule 33.1(a)(1)(A) provides that error is preserved if the Acomplaint was made to the trial court by a timely request,
objection, or motion@ that states the
grounds Awith sufficient
specificity to make the trial court aware of the complaint.@  Tex. R. App. P.
33.1(a)(1)(A); Mata v. State, 46 S.W.3d 902, 908(Tex. Crim. App. 2001). 
Therefore, if appellant made the trial court aware of his complaint during the
suppression hearing, he sufficiently preserved error, despite his failure to
include the argument in the Second Motion.  See Mata, 46 S.W.3d at 907B08 (holding
appellant preserved error even though his written motion for suppression failed
to argue the expert=s testimony should be suppressed because
appellant argued, during the suppression hearing, the expert=s testimony should
be suppressed, and he argued with sufficient specificity to apprise the trial
court of his complaint).  

After reviewing the record, we conclude that, during the
suppression hearing, appellant=s counsel argued the officer violated
appellant=s rights under article 38.22, section 3(a)(2) with
sufficient specificity to make the trial court aware of his complaint.  See Tex.
R. App. P. 33.1(a)(1)(A).  The record reflects the following argument made by appellant=s counsel:

Again, there=s nothing on State=s Exhibit No. 2-A [the transcript of
appellant=s second videotaped statement] which would be reflective of him being
read his Miranda warnings at the beginning, that it=s a verbatim transcript of what he
simply said.  They did not Mirandize him on the tape, which they did not
do, that=s clear.  The Court=s had an opportunity to review that
tape, State=s Exhibit No. 2-A is not going to be reflective of any Miranda
warnings given thus far.  (Emphasis added)                     








Immediately after this
statement by appellant=s counsel, the court stated AI understand, counsel.  You have made
a fine point of law.@  Additionally, during the hearing, the prosecutor stated A[w]e will stipulate nowhere on the
videotape of State=s Exhibit No. 2-A is there Mirandized [sic] warnings given to
this defendant.@  We need not engage in speculation as to whether the court
was aware of appellant=s complaint.  The trial court=s statement and the prosecutor=s stipulation indicate they both
understood appellant=s counsel was arguing a violation of the Code due to the
absence of Miranda warnings on the videotape.  We find the argument made
during the suppression hearing was sufficient enough to put the trial court on
notice appellant was arguing a violation of article 38.22, section 3(a)(2).  See
Tex. R. App. P. 33.1(a)(1)(A).[4]  Accordingly,
appellant did not waive his rights under the Code.

b.       Did the
State Violate Article 38.22, Section 3(a)(2)?

Since we find appellant sufficiently preserved this
argument for appeal, we must next determine whether the Miranda warnings
provided before appellant=s first videotaped statement were still in
effect during appellant=s second videotaped statement, satisfying
the requirements of article 38.22.  








Article 38.22, section 3(a)(2) states no oral statement of
an accused shall be admissible unless Aprior to the
statement but during the recording the accused is given the warning in
Subsection (a) of Section 2 . . . and the accused knowingly, intelligently, and
voluntarily waives any rights set out in the warning.@  Tex. Code Crim.
Proc. Ann. art. 38.22, ' 3(a)(2) (emphasis added).  Further,
section 3(e) requires the Acourts of this state shall strictly
construe Subsection (a) of this section and may not interpret Subsection (a) as
making admissible a statement unless all requirements of the subsection have
been satisfied by the state.@  Id. ' 3(e); see
Davidson v. State, 25 S.W.3d 183, 185 (Tex. Crim. App. 2000) (noting by its
plain language section 3(e) requires strict compliance with section 3(a)).[5] 


The Fort Worth Court of Appeals addressed a situation very
similar to the current case.  In Hargrove v. State, the defendant made
three statements while in custody.  Hargrove v. State, 162 S.W.3d 313,
316 (Tex. App.CFort Worth 2005, pet. ref=d).  The defendant=s initial
interview was videotaped, and the officer advised the defendant of his Miranda
rights on the tape.  Id.  The defendant denied any criminal involvement
in his first statement.  Id. at 317.  The defendant was subsequently
charged and taken in front of a magistrate who read him his Miranda
rights again.  Id.  While being escorted back to the jail, the defendant
requested to speak to the officer.  Id.  The officer interviewed the
defendant a second time on videotape, and the defendant admitted involvement.  Id. 
On the videotape, the officer stated Ayou=ve just had your
rights read,@ but he did not actually read the defendant his rights
on the videotape.  Id. at 323.  On appeal, the defendant argued the
second statement was inadmissible because it violated article 38.22, section
3(a)(2).  Id. at 322B23.  The court of appeals held since the
section was not strictly complied with, the defendant=s oral confession
was inadmissible, and the trial court abused its discretion in admitting the
second oral statement.  Id. at 323.








We agree with the Fort Worth court.  Because the officer
failed to give appellant his warnings on the videotape in violation of article
38.22, section 3(a)(2), he failed to comply with the strict requirements
mandated by article 38.22, section 3(e).  See Tex. Code. Crim. Proc.
Ann. art. 38.22, '' 3(a)(2), 3(e).  The trial court thus
abused its discretion in admitting appellant=s second oral
statement.  See Hargrove, 162 S.W.3d at 323.  To be sure, we are in no way
changing the analysis in our substitute opinion filed August 30, 2007 regarding
whether appellant was in custody.  While we have determined appellant=s second statement did not violate
appellant=s constitutional rights under Miranda, we still conclude the trial
court erred.  Because the interrogation of appellant was custodial from the
point after which appellant admitted he shot the complainant, the trial court
erred in denying appellant=s motion to suppress as to this part of appellant=s second statement based on the
officers= failure to comply with the statutory
requirements of article 38.22, section 3(a)(2).  See Tex. Code Crim.
Proc. Ann. art. 38.22, ' 3(a) (stating no oral statement of an accused made as a
result of Acustodial interrogation@ is admissible unless certain statutory requirements are
followed).      

c.       Was the
Violation Harmless?

Having found appellant=s statement was
inadmissible under the Code, we must determine whether allowing its admission
caused harm.  The protection of article 38.22 has no constitutional
ramifications.  See Noon v. State, 117 S.W.3d 874, 880B81 (Tex. Crim.
App. 2003).  Rather, it is a Aprocedural evidentiary@ rule that Amerely prescribes
the various requirements that must be satisfied before a statement made by an
accused as a result of custodial interrogation will be admitted against him/her
at trial.@  Id. at 880.  Thus, as long as Miranda
is satisfied, the admission of a statement that does not comply with article
38.22 is a nonconstitutional error that will not result in a reversal of the
judgment unless the record demonstrates the erroneously admitted statement Ahad a substantial
or injurious [effect] on the jury verdict.@  See id.
at 881.  








In this case, however, appellant plead guilty after the
trial court denied his motion to suppress.  The Court of Criminal Appeals has
stated appellate courts are not to speculate as to an appellant=s reasons for
pleading guilty or as to whether appellant would have pleaded guilty if a
motion to suppress were granted.  See McKenna v. State, 780 S.W.2d
797,799B800 (Tex. Crim.
App. 1989); Kraft v. State, 762 S.W.2d 612, 613B15 (Tex. Crim.
App. 1988).  As long as the evidence that should have been suppressed Awould in any
measure inculpate the accused,@ this court must presume the trial court=s denial of
appellant=s motion to suppress influenced appellant=s decision to
plead guilty and is reversible error.  See McKenna, 780 S.W.2d at 799B800; Kraft,
762 S.W.2d at 613B15.  Because some of the statements made
by appellant after the interrogation became custodial were Ain any measure@ inculpatory, we
presume the trial court=s erroneous denial of appellant=s motion to
suppress influenced appellant=s decision to plead guilty, thus, having a
substantial or injurious effect on appellant=s rights.  See
Fischer v. State, 207 S.W.3d 846, 860B61 (Tex. App.CHouston [14th
Dist.] 2006), aff=d, No. 0043-07,
2008 WL 141850, at *1 (Tex. Crim. App. Jan. 16, 2008) (finding the defendant=s substantial
rights were affected because he plead guilty after the improper denial of his
motion to suppress).  Therefore, the error is reversible.

Conclusion

Having considered the State=s arguments in its
second motion for rehearing, we overrule its motion, but we issue this
supplemental opinion to address new matters raised by the State.  The
disposition in our previous opinion remains the same; we reverse the trial
court=s judgment and
remand for a new trial consistent with our opinion issued August 30, 2007 and
this supplemental majority opinion.

                                                              

 

/s/          John S. Anderson

Justice

 

Judgment rendered and Supplemental
Majority Opinion and Dissenting Opinion on Motion for Rehearing filed May 29,
2008.

Panel consists of Justices
Anderson, Frost, and Senior Justice Edelman*.
(Frost, J., dissenting)

Publish
C Tex. R. App. P. 47.2(b).

 









[1]  Although Officer Moreno was present during the
second interview, Officer McDaniel was the one who questioned appellant.





[2]  Officer McDaniel did remind appellant that they had
spoken with each other previously.





[3]  The dissent argues if the trial court did consider
the First Motion, the First Motion failed to preserve error because appellant=s general assertion that his statements were taken in
violation of article 38.22 was too global and unspecific.  The dissent claims
appellant=s general assertion was not specific enough to make
the trial court aware of his argument that the statements were inadmissible
based on the officers= failure to give the warnings on the videotape.  The
dissent cites three cases supporting this proposition; however, we find each
case distinguishable from this case.

In Swain v. State, appellant=s motion to suppress generally asserted his statements
were inadmissible under article 38.23, among other federal and state
constitutional provisions.  Swain v. State, 181 S.W.3d 359, 365 (Tex.
Crim. App. 2005).  During the suppression hearing, appellant failed to complain
about being questioned after asserting his right to counsel, and instead he
simply objected that his statements were inadmissible under articles 38.22,
14.03, and 14.06.  Id.  On appeal, however, appellant specifically
argued his statement were taken in violation of his right to counsel.  Id. 
The court found the global statements made in his motion and during his
suppression hearing were not sufficiently specific to preserve his argument on
appeal.  Id.  Here, however, as discussed below, appellant alerted the
trial court during the suppression hearing of his specific argument regarding
article 38.22.     

In Olson v. State, appellant made an oral motion
to suppress arguing his statements were inadmissible under article 38.22.  Olson
v. State, No. 14-06-00338-CR, 2007 WL 1745837, at *1 (Tex. App.CHouston [14th Dist.] June 19, 2007, no pet.) (mem.
op., not designated for publication).  However, on appeal, appellant based his
arguments on the federal and state constitutions.  Id.  This court held
appellant=s objection at trial did not comport with his
objection on appeal, so he failed to preserve error.  Id.  The dissent
is not arguing appellant=s trial objection does not comport with his complaint
on appeal; therefore, this case is not applicable. 

In Aparicio v. State, appellant=s written motion to suppress generally alleged his
statements should be suppressed based on violations of article 38.22.  Aparicio
v. State, No. 14-03-01213-CR, 2004 WL 2283584, at *2 (Tex. App.CHouston [14th Dist.] Oct. 12, 2004, no pet.) (mem.
op., not designated for publication).  However, during the suppression hearing
appellant argued only that appellant appeared Ahalf asleep@ and Adidn=t really seem to know what was going on.@  Id.  Then, on appeal, appellant tried to
argue his statements were inadmissible under article 38.22, section 3(a)(3)
because the device used to record the statement was not capable of making an
accurate recording, the recording was not accurate, and the operator of the
device was not competent.  Id. at *1B*2. 
This court found appellant=s argument
raised on appeal did not comport with his objection made to the trial court,
thus appellant failed to preserve the issue for review.  Id. at *2.  In
a footnote, this court stated Adespite
appellant=s reference to Article 38.22, he did not alert the
trial court to the alleged errors of which he now complains.  Accordingly,
appellant=s mere reference to Article 38.22 is not sufficient to
preserve error on appeal.@  Id. at *2 n.4.  In this case, despite
appellant=s general reference to article 38.22 in the First
Motion, as discussed below, he alerted the trial court to his specific
complaint regarding article 38.22; therefore, his complaint was sufficient to
preserve error. 

The dissent argues, in the alterative,
even if the statements in the First Motion were sufficient to preserve error,
the trial court did not rule on the First Motion.  But, as stated, the record
is unclear whether the trial court ruled on the First Motion, the Second
Motion, or both.  The dissent supports its position by arguing appellant=s counsel=s
arguments during the hearing were all within the scope of the Second Motion;
however, this is incorrect.  As explained below, appellant=s attorney made an argument during the hearing
regarding the lack of Miranda warnings on the videotape, which is an
argument within the scope of the First Motion.  Further, the dissent claims the
trial court=s statement that it denied Ayour Motion
to Suppress Mr. Resendez=s statement@ is
an indication the trial court denied the Second Motion filed by appellant=s new counsel rather than his former counsel.  We do
not agree the word Ayour@ completely
precludes the possibility the trial court considered the First Motion as well. 






[4]  We find it worth noting the State=s initial appellate brief never raised the issue of
waiver and, in fact, the State argued why the officers were not required to
advise appellant of his rights under either Miranda or the Code.  The
State did not bring forth its waiver argument until its second motion for
rehearing.





[5]  The two exceptions which do not require strict
compliance are not applicable in this situation.  See Tex. Code Crim.
Proc. Ann. art. 38.22, ' 3(e)(1)B(2).





*  Senior Justice Richard H. Edelman sitting by
assignment.