In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00432-CR


____________________



THE STATE OF TEXAS, Appellant



V.



JASON RYAN JONES, Appellee






On Appeal from the County Court at Law No. 4


Montgomery County, Texas


Trial Cause No. 08-238575






 MEMORANDUM OPINION


 In this case, the trial court granted the defendant's motion to suppress evidence
obtained as a result of a traffic stop. In a single appellate issue, the State contends the trial
court erred in granting the suppression motion because the court's findings of fact have no
support in the record and "are demonstrably false" in view of the evidence contained in a
video recording of the stop. We affirm.


Background
 

 Trooper Troy Phipps, an officer with the Texas Department of Public Safety, stopped
Jason Ryan Jones for an alleged failure to properly signal a turn for the last 100 feet of
movement as required by section 545.104 of the Texas Transportation Code. (1) At the motion-to-suppress hearing, the State's evidence consisted of Trooper Phipps's testimony and a
videotaped recording of the traffic stop. On direct examination, the trooper testified that he
started his video camera some distance from the intersection. When he pulled up to the
intersection, Trooper Phipps stopped directly behind Jones who was behind one other
vehicle, and was about twenty to thirty feet away from the intersection. Jones did not have
his turn signal on. The trooper testified that after the traffic light became green, Jones
activated his turn signal and made a right turn. The trooper further testified that Jones's
signal was on for less than thirty feet before he turned. The videotape supports this portion
of Trooper Phipps's testimony. On direct examination, Trooper Phipps also testified that
before starting the video camera, he observed Jones's vehicle in the distance and did not see
Jones signal a turn.

 On cross-examination and redirect, however, Trooper Phipps's testimony differed
from his earlier testimony. On cross-examination, he conceded that at the beginning of the
video, he could not tell if Jones's vehicle was moving. In addition, Trooper Phipps agreed
that before he started the video he would have been even farther from Jones's car and he
could not have determined whether it was moving. But, during his direct examination,
Trooper Phipps had also testified that he saw Jones's vehicle move before the video
recording began.

 In its argument to the trial court, the State contended that Jones did not have his turn
signal on while he drove to the intersection, which was prior to the time the trooper started
the video camera. The State asserted:

 You can make a reasonable deduction that they got to that point. And if the
blinker is not on, well then, they got to that point with it not on. And the
trooper here, you see it, not on, and then you see it come on. So they obviously
moved to that point without a blinker.


Defense counsel objected that there was no evidence that Jones moved to the intersection
without a proper signal. The State responded:

 There is testimony, Your Honor, that the trooper saw him moving, and there's
the video that shows the vehicle at that point. And the trooper said he saw him
moving prior to the video coming on. So, Your Honor, . . . he got to that point. 
He was moving. It's obvious he's moving. Doesn't get there for no reason. 


 At the conclusion of argument, the trial court granted Jones's motion to suppress. 
The court later issued findings of fact and conclusions of law.


Standard of Review


 Like any other evidentiary ruling, we review the trial court's ruling on a motion to
suppress for abuse of discretion. See Amador v. State, 275 S.W.3d 872, 878-79 (Tex. Crim.
App. 2009) (citing State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). At a
suppression hearing, the trial court is the sole factfinder, "and it may believe or disbelieve
all or any part of a witness's testimony." Id. at 878 (citing State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000)). When, as here, the trial court makes explicit findings of fact, "we
determine whether the evidence, when viewed in the light most favorable to the trial court's
ruling, supports those findings." State v. Iduarte, 268 S.W.3d 544, 548 (Tex. Crim. App.
2008). Further, we apply the Guzman deferential standard of review to a trial court's
historical-fact determination that is based on a videotaped recording admitted into evidence
at a suppression hearing. See Montanez v. State, 195 S.W.3d 101, 109 (Tex. Crim. App.
2006). (2) We uphold the trial court's ruling "'if it is reasonably supported by the record and
is correct under any theory of law applicable to the case.'" Amador, 275 S.W.3d at 878-79
(quoting Ramos v. State, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008)). 


Findings of Fact


 In its appellate issue, the State first asserts generally that the trial court's findings of
fact have no support in the record. We disagree. At trial, the State argued that Jones did not
have his turn signal on while driving to the intersection, which was prior to the time the
trooper started the video camera and that Jones therefore violated the requirement that a
driver signal continuously for not less than the last 100 feet of the vehicle's movement before
turning. See Tex. Transp. Code Ann. § 545.104(b). 

 The trial court made certain findings pertinent to this argument. The trial court
concluded that at the point immediately before he turned on the video camera, Trooper
Phipps was too far from Jones's vehicle to accurately observe whether the vehicle's turn
signal was on. This finding of fact is supported by Trooper Phipps's testimony on cross-examination. The court further determined that Trooper Phipps was not a credible and
reliable witness with respect to whether Jones's vehicle had been moving without a blinker
before stopping at the intersection and that Trooper Phipps had not actually observed Jones's
vehicle during the last 100 feet of movement before Jones turned. As discussed above,
Trooper Phipps provided inconsistent testimony regarding whether he saw or could have seen
Jones's vehicle moving prior to the starting of the video. This inconsistency supports the
trial court's express finding concerning the credibility of the evidence. See Amador, 275
S.W.3d at 878-79 (finding that the trial court, as sole factfinder may believe or disbelieve
all or any part of a witness's testimony). Additionally, Trooper Phipps during his direct
examination did not state that he had personally observed the vehicle after its initial stop
when it then moved forward several feet without having its blinker on, although this is
captured on the videotape. Thus, the trial court was entitled to determine that the trooper had
not personally observed Jones's vehicle during its last 100 feet of travel before Jones turned
at the intersection. See id.

 We conclude the evidence, viewed in the light most favorable to the trial court's
ruling, supports the trial court's findings that address the State's suppression-hearing
argument. See Iduarte, 268 S.W.3d at 548.

Videotape


 The State further argues that the videotaped recording of the stop incontrovertibly
proves Jones violated a traffic law. The State contends that the video recording plainly
shows that Jones drove forward at the intersection without using a turn signal and that he did
not activate his signal until the traffic light became green. This, however, was not the
argument the State made to the trial court.

 Generally, appellate courts "may uphold a trial court's ruling on any legal theory or
basis applicable to the case, but usually may not reverse a trial court's ruling on any theory
or basis that might have been applicable to the case, but was not raised." Martinez v. State,
91 S.W.3d 331, 336 (Tex. Crim. App. 2002). Under Texas Rule of Appellate Procedure
33.1, "the issue is not whether the appealing party is the State or the defendant or whether
the trial court's ruling is legally "correct" in every sense, but whether the complaining party
on appeal brought to the trial court's attention the very complaint that party is now making
on appeal." Id. (citing State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998) ("[T]he 
basic principle of appellate jurisprudence that points not argued at trial are deemed to be
waived applies equally to the State and the defense."). "Whichever party complains on
appeal about the trial judge's action must, at the earliest opportunity, have done everything
necessary to bring to the judge's attention the evidence rule in question and its precise and
proper application to the evidence in question." Reyna v. State, 168 S.W.3d 173, 177 (Tex. 
Crim. App. 2005).

 In this case, the State's appellate argument relies on the movement of Jones's vehicle
after the trooper pulled behind Jones at the intersection. The State, however, did not present
this same argument to the trial court. Instead, at the suppression hearing, the State argued
that the trial court could make a reasonable deduction that because Jones's blinker was not
on when the trooper pulled up behind Jones at the intersection, Jones must have arrived at
the intersection without having signaled his turn. The State also argued that the trooper saw
Jones moving prior to the video's being started. The State did not argue that the movement
of Jones's car immediately before the turn (and after the trooper arrived at the intersection)
constituted a traffic violation-the argument it now makes on appeal. We conclude that the
State waived its argument that Jones violated the statute by stopping and then starting
forward several feet without signaling because it did not present that argument to the trial
court. We decline to find the trial court abused its discretion. See Mercado, 972 S.W.2d at
78 ("Thus the trial court cannot be held to have abused its discretion in ruling on the only
theory of law presented to it."). We overrule the State's issue. Accordingly, the trial court's
judgment is affirmed.

 AFFIRMED.


 _____________________________

 HOLLIS HORTON

 Justice


Submitted on April 9, 2009

Opinion Delivered July 15, 2009

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Section 545.104 provides, in pertinent part, that a driver "intending to turn a vehicle
right or left shall signal continuously for not less than the last 100 feet of movement of the
vehicle before the turn." Tex. Transp. Code Ann. § 545.104(b) (Vernon 1999).
2. In Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997), the Texas Court of
Criminal Appeals held that appellate courts generally "should afford almost total deference
to a trial court's determination of the historical facts that the record supports especially when
the trial court's fact findings are based on an evaluation of credibility and demeanor."