**The STATE of Texas, Appellant,**

v.

**Luis MERCADO, Appellee.**

**No. 626–97.**

Court of Criminal Appeals of Texas, En Banc.

May 27, 1998.

Matthew Dekpatz, El Paso, for appellant.

Karen L. Landinger, Assistant District Attorney, El Paso, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellee was indicted for possession of cocaine. Appellee filed a motion to suppress the evidence challenging the legality of the search of his automobile and its contents. The trial court granted his motion and the State appealed. See Article 44.01(a)(5), V.A.C.C.P. The Court of Appeals reversed and remanded the cause to the trial court *State v. Mercado*, 944 S.W.2d 42 (Tex.App.-El Paso 1997). We granted Appellee's petition to determine whether the Court of Appeals erred in reversing the ruling of the trial court by holding that the search of the closed bag in Appellee's automobile was valid as a search incident to arrest when that theory was not presented to the trial court, but raised by the prosecution for the first time on appeal.[1]

El Paso Police Officer Losinski testified at the suppression hearing that he and Officer Hill stopped Appellee for a traffic violation and subsequently arrested him for driving while his license was suspended. Losinski called for a tow truck to impound Appellee's vehicle and began an inventory search on the items in the car. After finding a zippered bank bag, Losinski believed there might be a large quantity of money in the bag since it was the type in which bank deposits are commonly carried. The officers intended to give the money to Appellee for safe keeping en route to the police station. However, when the officers opened the bag, the officers found a "diamond fold" containing cocaine and a "sneak-a-toke" box containing marihuana.

Appellee filed a motion to suppress the evidence alleging the search was conducted without a warrant in violation of the Fourth Amendment of the United States Constitution. Article I, Section 9 of the Texas Constitution, and the provisions of the Code of Criminal Procedure. At the hearing on the motion to suppress the State argued that, following a valid stop for a traffic violation and subsequent arrest for driving while his license was suspended, the police officers performed a proper inventory of the vehicle. Upon finding the zippered bank bag, the officers were justified in opening it to determine whether there was a large sum of money in it that needed to be inventoried before the car was impounded. After hearing the testimony and considering the legal arguments presented and relying on *Autran v. State*, 887 S.W.2d 31 (Tex.Cr.App.1994), the trial court granted the motion to suppress on the basis that the police had opened a closed container pursuant to an inventory.

On appeal, the State alleged the trial court erred in granting the motion to suppress. The State argued the search of the car could properly be characterized as a search incident to arrest, and that both federal and state decisions permit the search of a closed container incident to a valid custodial arrest. The Court of Appeals determined that although the State never offered this theory at the suppression hearing, the State is not required to verbalize all possible grounds for establishing the validity of a search. *Merca-*

---

1. We also granted Appellee's second ground for review challenging the Court of Appeals' analysis of the law applicable to searches conducted incident to arrest. Because we sustain Appellee's first ground for review, we dismiss Appellee's second ground for review.

*do*, 944 S.W.2d at 44. Relying on the principle of law that appellate courts should uphold the trial court's decision from a suppression hearing if any theory of law sustains it, the Court of Appeals held that "the trial court could correctly refuse to find that a warrantless search was valid on the basis of one exception, but could nevertheless abuse its discretion by failing to recognize that the warrantless search fit another exception to the general rule." *Id.*, citing *Romero v. State*, 800 S.W.2d 539 (Tex.Cr.App.1990).

█ Appellee contends the Court of Appeals erred in reversing the trial court's decision on a theory of law not presented to that court for its consideration. Appellee argues the rules of appellate procedure relevant to preservation of error apply to any appealing party equally and that in order to preserve error the complaining party must afford the trial court an opportunity to rule on a specific complaint. Tex.R.App.Pro. 33.1. In this case, the State was not before the Court of Appeals in its usual role as appellee, but was the appellant and bore the burden of proving the trial court abused its discretion in granting the motion to suppress.

The State contends Appellee's argument ignores a long line of cases which holds that the State does not have the burden of listing or verbalizing in the trial court every possible basis for upholding the validity of a search. See e.g., *Lewis v. State*, 664 S.W.2d 345 (Tex.Cr.App.1984); *Sullivan v. State*, 564 S.W.2d 698 (Tex.Cr.App.1978); *Pettigrew v. State*, 908 S.W.2d 563 (Tex.App.-Fort Worth 1995, pet. ref'd); *Shannon v. State*, 800 S.W.2d 896 (Tex.App.-San Antonio 1990, pet. ref'd); *Green v. State*, 773 S.W.2d 816 (Tex. App.-San Antonio 1989, no pet.); *Villarreal v. State*, 703 S.W.2d 301 (Tex.App.-Corpus Christi 1985, no pet.). In each of these cases, however, the State was the respondent urging the Court of Appeals to uphold the decision of the trial court. In the instant case, the State has sought to raise an issue for the first time on appeal as an *appellant.* Although this Court has approved of appellate courts considering alternative theories of law applicable to the facts of the case which *support* the trial court's decision, we have not afforded the courts of appeals latitude to reverse a trial court's decision on new theories of law not previously presented to that court for its consideration.

In *Wilson v. State*, 692 S.W.2d 661 (Tex.Cr.App.1984)(Opinion on State's Motion for Rehearing), this Court discussed the rule followed in some jurisdictions where the prosecution has the right to appeal from the trial court's rulings. That is, "when a prosecutor loses on the merits at the suppression hearing, he should be expected to put before the judge at that time any other basis upon which he is entitled to prevail." *Id.* at 668. "On the other hand, when the prosecution wins on the motion to suppress, the government cannot be faulted for not insisting upon an inquiry into yet another basis upon which it might defeat the suppression motion." *Ibid*, citing 3 W. LaFave, Search and Seizure, Sec. 11.7 at 350 et seq.(1995 supp.). This issue has also been addressed by the federal courts which have found that the government may not raise an issue on appeal that was not presented to the trial court for its consideration. See e.g., *Steagald v. United States*, 451 U.S. 204, 209, 101 S.Ct. 1642, 1646, 68 L.Ed.2d 38 (1981)(concluding that the government may waive error by failing to raise issues in a timely fashion during litigation); *Giordenello v. United States*, 357 U.S. 480, 488, 78 S.Ct. 1245, 1251, 2 L.Ed.2d 1503 (1958)(holding that the government could not raise new theory on appeal to Supreme Court because it failed to give the lower courts an opportunity to rule on the theory); *United States v. Hassan*, 83 F.3d 693 (5th Cir.1996)(government did not waive independent source argument "by not raising it until the motion for reconsideration," as government thereby presented "issue at a time when the district court possessed the ability to rule on it.").

█ The State points out that in *State v. Klima*, 934 S.W.2d 109 (Tex.Cr.App.1996), this Court permitted the State, appealing from the trial court's decision to grant the appellee's motion to suppress, to raise the issue of standing for the first time on appeal. In *Klima* this Court relied primarily on its previous decision in *Wilson, supra*, which held that standing could first be asserted by the State on appeal, and that the lack of such

a challenge before the trial court would not be viewed as a "failure of the government." *Id.* at 669. This Court declared in *Klima* that the holding in *Wilson* was applicable regardless of which party initiated the appellate process. However, these cases are limited to the issue of standing. The party bringing the motion to suppress bears the burden of establishing all of the elements of her Fourth Amendment claim. See *Russell v. State*, 717 S.W.2d 7 (Tex.Cr.App.1986). Part of that proof includes establishing one's privacy interest in the premises searched. *Klima*, 934 S.W.2d at 111, citing *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). By raising the issue of standing for the first time on appeal, the State was not actually raising a new issue, but rather challenging "the trial court's holding that appellee met her burden of establishing that the government violated her reasonable expectation of privacy." *Id.* However, once a defendant filing a motion to suppress has established the basis for a Fourth Amendment claim, the burden shifts to the prosecution to establish the validity of the search under the applicable theory of law.

Ordinary notions of procedural default should apply equally to the defendant and the State. See *State v. Gonzales*, 850 S.W.2d 672 (Tex.App.-San Antonio 1993, pet. ref'd)(refusing defendant's request to affirm an order suppressing evidence based on new grounds not raised in the trial court). Therefore we hold that in cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense. In the instant case, once Appellee established standing in the premises to be searched and that the search was conducted without a warrant, he satisfied his burden of establishing his Fourth Amendment claim and the burden shifted to the State to establish an exception to the warrant requirement. The only theory argued by the State and presented by the facts was that the search was a proper inventory. The trial court's ruling was specifically limited to the facts and legal arguments presented to it. Thus the trial court cannot be held to have abused its discretion in ruling on the only theory of law

presented to it. The judgment of the Court of Appeals is reversed. This cause is remanded to the Court of Appeals for further proceedings consistent with this opinion.