NUMBER 13-99-486-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

THE STATE OF TEXAS, Appellant,


v.


JOHN HENRY WOBBE, Appellee.

____________________________________________________________________


On appeal from the County Court of Wharton County, Texas.

____________________________________________________________________


MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Chavez (1) 

Opinion by Justice Yañez


The State brings this interlocutory appeal to the trial court's order granting a motion to suppress evidence filed by appellee,
John Henry Wobbe. (2) Wobbe was charged with the misdemeanor offense of driving while intoxicated. He filed a motion
to suppress any evidence obtained as a result of his arrest, contending that the warrantless arrest was invalid because no
offense was committed within the arresting officer's view. (3)

 Following a suppression hearing, the trial court granted the motion. By a single issue, the State appeals the trial court's
ruling, contending that the warrantless arrest was authorized pursuant to article 14.03 of the code of criminal procedure. (4)

 We affirm the trial court's ruling. 

In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination
of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact
questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating
credibility and demeanor. Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d at 89. However, we review de novo questions of
law and "mixed questions of law and fact" that do not turn on an evaluation of credibility and demeanor. Ross, 32 S.W.3d
at 856; Guzman, 955 S.W.2d at 89. A review of a trial court's ruling on a motion to suppress presents an application of law
to a fact question. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999). 

In this case, the trial judge did not specify his reasons for finding the evidence inadmissible. Where, as here, no findings of
fact are filed by the trial court, "we view the evidence in the light most favorable to the trial court's ruling and assume that
the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the
record."Ross, 32 S.W.3d at 855. If the trial judge's ruling on a motion to suppress is correct on any theory of the law
applicable to the case, we will sustain it. State v. Avila, 910 S.W.2d 505, 508 (Tex. App.--El Paso 1994, pet. ref'd). 

The issue before us presents a mixed question of law and fact that does not turn on an evaluation of the credibility of the
witnesses. Guzman, 955 S.W.2d at 89. We will, therefore, utilize a de novo standard of review. See id.

At the suppression hearing, the State relied on section 14.01 of the code of criminal procedure, which permits an officer to
make a warrantless arrest for an offense committed within the officer's view. See Tex. Code Crim. Proc. Ann. art. 14.01(a)
(Vernon 1977). At the hearing, the prosecutor offered the testimony of the arresting officer, Daniel Terronez. Terronez
testified that Wobbe admitted that he had been driving. However, on cross-examination, Terronez testified that he did not
observe Wobbe driving the vehicle. The prosecutor argued that the arrest was "made pursuant to Article 14.01. . . . [the
officer] made a determination there was an offense that had been committed; and it was committed in his view. That's the
exception here to the arrest warrant . . ." At no time did the State raise before the trial court the argument it now raises on
appeal: that the warrantless arrest was permitted pursuant to article 14.03 of the code of criminal procedure.

Generally, to preserve an argument for our consideration, the theory must first be presented to the trial court. See Tex. R.
App. P. 33.1. 

In Mercado v. State, 972 S.W. 2d 75, 78 (Tex. Crim. App. 1998), the court of criminal appeals held that ordinary notions of
procedural default should apply equally to the defendant and the State. See id. The court wrote: "Therefore we hold that in
cases in which the State is the party appealing, the basic principle of appellate jurisdiction that points not argued at trial are
deemed to be waived applies equally to the State and the defense." Id.

The trial court's ruling was specifically limited to the facts and legal arguments presented to it. Because we find that the
State failed to raise before the trial court the issue it now raises on appeal---whether a warrantless arrest was permissible
under the circumstances of this case pursuant to article 14.03---we hold that the State failed to preserve the issue for our
review. We overrule the State's issue and affirm the trial court's order. 

 

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

7th day of June, 2001.



























1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The State brings this interlocutory appeal under article 44.01(a)(5) of the Texas Code of Criminal Procedure, which
provides that the State may appeal an order granting a motion to suppress evidence. See Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon Supp. 2001). 


3. Article14.01(a) of the Texas Code of Criminal Procedure provides:



(a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his
presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

 

Tex. Code Crim. Proc. Ann. art. 14.01(a) (Vernon 1977). 

4. Article 14.03(a)(1) of the Texas Code of Criminal Procedure provides:



(a) Any peace officer may arrest, without warrant:

(1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty
of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or offense under Section 49.02, Penal
Code, or threaten, or are about to commit some offense against the laws;



Tex. Code Crim. Proc. Ann. art. 14.03(a) (Vernon Supp. 2001).