TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00674-CR







The State of Texas, Appellant



v.



Kelly Michelle Nance, Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C03-06551, HONORABLE JOHN BARINA JR., JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



The State appeals from the trial court's order granting appellee Kelly Michelle
Nance's motion to suppress evidence. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp.
2004). We affirm the order.

Nance was arrested for driving while intoxicated after she was stopped by Temple
Police Officer Curtis Hills on July 20, 2003. Nance moved to suppress all evidence obtained by
Hills on the ground that the warrantless stop was without constitutional or statutory justification. 
See U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. arts. 14.01-.06 (West
1977 & Supp. 2004), art. 38.23 (West Supp. 2004).


The only witness at the suppression hearing was Officer Hills. He testified that he
was behind Nance as she drove east on Southwest Loop 363 at about 9:00 p.m. He noticed that she
was "weaving within her lane." That is, she was moving from side-to-side within a single lane of
traffic, but never left that lane. Hills said that Nance made this weaving maneuver ten or fifteen
times within a space of three hundred feet.

Nance, who was driving in the far left lane, made a U-turn under the loop and began
to drive west. As she was merging with the westbound traffic, which Hills described as heavy, she
made a "sudden stop" at a yield sign to permit vehicles to pass. Hills continued to follow Nance for
another three hundred feet before stopping her, and noticed that she continued to weave within her
lane of traffic.

Hills testified that he did not see Nance commit a traffic offense or suspect her to be
driving while intoxicated. She was driving about ten miles-per-hour under the posted speed limit,
but this was not unlawful. He said that he decided to stop Nance, "Due to the heavy traffic, with her
weaving, I thought that she's probably tired." He explained that tired drivers are a danger to
themselves and others because they can fall asleep and cause accidents. He was of the opinion that
the potential for harm posed by a sleepy driver required immediate action on his part.

In her argument to the court, the prosecutor urged that the stop was a lawful exercise
of the officer's community caretaking function. See Corbin v. State, 85 S.W.3d 272, 276-77 (Tex.
Crim. App. 2002). Nance's counsel replied that the facts shown did not warrant the stop on
community caretaker grounds. Without further comment, the court granted the motion to suppress. 
The court did not make written findings and conclusions.

When we review a trial court's ruling on a motion to suppress evidence, we defer to
the court's factual determinations but review de novo the court's application of the law to the facts. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as here, the trial court does not
make findings of fact, we assume that the court made implicit findings supported by the record that
buttress its ruling. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

Viewing the evidence in the light most favorable to the trial court's ruling, we believe
that the court could reasonably conclude that the level of distress manifested by Nance was not
sufficiently serious to warrant the stop. See Corbin, 85 S.W.3d at 277. But even if we agreed with
the State that the officer's testimony supported the application of the community caretaker rule, we
would nevertheless affirm the suppression order. We will not adopt a legal theory that leads to
reversal if there is a viable theory that supports the ruling. State v. Ross, 32 S.W.3d 853, 858 (Tex.
Crim. App. 2000). When there are no findings of fact, we will not assume that the court granted the
motion to suppress because it erroneously applied the law to the facts. Id. Instead, we must assume
that the court granted the motion because it did not credit the officer's testimony. Id. at 859.

The State makes the alternative argument that the stop was justified by a reasonable
suspicion that Nance was intoxicated. This argument is not properly before us because it was not
made in the trial court. See State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998). But even
if it were before us, we would not assume error for the reason explained above.


Finding no basis for disturbing the trial court's ruling, we affirm the order granting
the motion to suppress evidence.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 15, 2004

Do Not Publish