# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00674-CR

**The State of Texas, Appellant**

**v.**

**Kelly Michelle Nance, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
## NO. 2C03-06551, HONORABLE JOHN BARINA JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals from the trial court's order granting appellee Kelly Michelle Nance's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004). We affirm the order.

Nance was arrested for driving while intoxicated after she was stopped by Temple Police Officer Curtis Hills on July 20, 2003. Nance moved to suppress all evidence obtained by Hills on the ground that the warrantless stop was without constitutional or statutory justification. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. arts. 14.01-.06 (West 1977 & Supp. 2004), art. 38.23 (West Supp. 2004).

The only witness at the suppression hearing was Officer Hills. He testified that he was behind Nance as she drove east on Southwest Loop 363 at about 9:00 p.m. He noticed that she was "weaving within her lane." That is, she was moving from side-to-side within a single lane of traffic, but never left that lane. Hills said that Nance made this weaving maneuver ten or fifteen times within a space of three hundred feet.

Nance, who was driving in the far left lane, made a U-turn under the loop and began to drive west. As she was merging with the westbound traffic, which Hills described as heavy, she made a "sudden stop" at a yield sign to permit vehicles to pass. Hills continued to follow Nance for another three hundred feet before stopping her, and noticed that she continued to weave within her lane of traffic.

Hills testified that he did not see Nance commit a traffic offense or suspect her to be driving while intoxicated. She was driving about ten miles-per-hour under the posted speed limit, but this was not unlawful. He said that he decided to stop Nance, "Due to the heavy traffic, with her weaving, I thought that she's probably tired." He explained that tired drivers are a danger to themselves and others because they can fall asleep and cause accidents. He was of the opinion that the potential for harm posed by a sleepy driver required immediate action on his part.

In her argument to the court, the prosecutor urged that the stop was a lawful exercise of the officer's community caretaking function. *See Corbin v. State*, 85 S.W.3d 272, 276-77 (Tex. Crim. App. 2002). Nance's counsel replied that the facts shown did not warrant the stop on

2

community caretaker grounds. Without further comment, the court granted the motion to suppress. The court did not make written findings and conclusions.

When we review a trial court's ruling on a motion to suppress evidence, we defer to the court's factual determinations but review *de novo* the court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as here, the trial court does not make findings of fact, we assume that the court made implicit findings supported by the record that buttress its ruling. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

Viewing the evidence in the light most favorable to the trial court's ruling, we believe that the court could reasonably conclude that the level of distress manifested by Nance was not sufficiently serious to warrant the stop. *See Corbin*, 85 S.W.3d at 277. But even if we agreed with the State that the officer's testimony supported the application of the community caretaker rule, we would nevertheless affirm the suppression order. We will not adopt a legal theory that leads to reversal if there is a viable theory that supports the ruling. *State v. Ross*, 32 S.W.3d 853, 858 (Tex. Crim. App. 2000). When there are no findings of fact, we will not assume that the court granted the motion to suppress because it erroneously applied the law to the facts. *Id*. Instead, we must assume that the court granted the motion because it did not credit the officer's testimony. *Id*. at 859.

The State makes the alternative argument that the stop was justified by a reasonable suspicion that Nance was intoxicated. This argument is not properly before us because it was not made in the trial court. *See State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998). But even if it were before us, we would not assume error for the reason explained above.

3

Finding no basis for disturbing the trial court's ruling, we affirm the order granting the motion to suppress evidence.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 15, 2004

Do Not Publish