# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00256-CR

**The State of Texas, Appellant**

**v.**

**Adan Ibarra, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
## NO. 69,910, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court granted appellee Adan Ibarra's motion to suppress evidence obtained incident to his arrest for driving while intoxicated but denied it as to evidence obtained incident to his initial stop. The State appeals this order. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004-05). Because the State did not raise in the trial court the sole ground that it now contends constituted probable cause for the arrest, we will affirm the order.

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Villareal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In this review, we defer to the district court's factual determinations but review *de novo* the court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

The facts adduced at the suppression hearing may be briefly stated. San Marcos police officer James Palermo stopped Ibarra after he noticed that the rear license plate on Ibarra's

car was illuminated with a green light. *See* Tex. Transp. Code Ann. § 547.322(f) (West 1999) (requiring lamp illuminating rear license plate to emit white light). Based on subsequent observations, the officer suspected that Ibarra was intoxicated. After having Ibarra perform several field sobriety tests, the officer arrested him for driving while intoxicated.

Ibarra moved to suppress all evidence obtained as a result of the initial stop and the subsequent arrest, contending that both were unlawful. With respect to the stop, the evidence was undisputed that Ibarra's rear license plate was illuminated by a green bulb. Ibarra argued, however, that this did not violate section 547.322 because the light reflected off his license plate was white, and the plate itself was legible from a distance of fifty feet. The State argued that the statute plainly requires that the bulb itself emit a white light.

With regard to the arrest, Palermo described Ibarra's appearance when stopped and his performance on the field tests. The court also viewed the videotape recorded by the officer's in-car camera. Ibarra argued that because the horizontal gaze nystagmus test occurred off camera, it was impossible to determine whether it had been properly conducted. As for the other field tests, there was little dispute that Ibarra's performance did not clearly indicate intoxication. The State argued that "five out of six on the HGN even with perfect passing on the other two tests for the most part has been held to be enough probable cause."

The trial court prepared and filed written findings of fact and conclusions of law. The court concluded that Officer Palermo had probable cause to stop Ibarra for the equipment violation, but that the officer was not shown to have probable cause to arrest Ibarra for driving while

2

intoxicated. Therefore, the court granted the motion to suppress "re: probable cause to arrest the defendant."[1]

The State does not challenge the trial court's conclusion that Palermo lacked probable cause to arrest Ibarra for driving while intoxicated. Citing the court's conclusion that there was probable cause to stop Ibarra for the equipment violation, the State's sole contention on appeal is that the section 547.322 violation also justified Ibarra's arrest. *See id.* § 543.001; *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). This argument is not properly before us because it was not made by the State in the trial court. The ordinary notions of procedural default apply equally to the defendant and the State. *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998). The appellate principle that points not argued at trial are deemed waived applies to the State when it is the appellant. *Id.*

The order granting the motion to suppress in part is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: January 21, 2005

Do Not Publish

---

[1] Thus, only evidence obtained as a result of the arrest was suppressed. The suppression order appears to apply at least to the results of a chemical breath test performed following the arrest.