# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00475-CR

**The State of Texas, Appellant**

**v.**

**Jerry Allen Westbrook, Appellee**

## FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY
## NO. 03-03011, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals from an order granting appellee Jerry Allen Westbrook's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004-05). We affirm the order.

Westbrook was stopped by a Tom Green County deputy sheriff after the deputy received a radio report of a possibly intoxicated driver. The deputy followed appellant's car, which matched the radioed description, and stopped him after seeing what the deputy believed was a traffic offense. Based on his observations following the stop, the deputy arrested Westbrook for driving while intoxicated.

Westbrook filed a motion to suppress evidence urging that the deputy did not have probable cause to stop him. In its first point of error, the State correctly points out that a traffic stop need not be supported by probable cause. *See Berkemer v. McCarty*, 468 U.S. 420, 439 (1984)

(traffic stop is analogous to temporary detention, justifiable by reasonable suspicion). The State argues that the trial court erred by requiring a showing of probable cause to justify the initial detention. The State urges in its second point of error that under the totality of the circumstances, the deputy reasonably suspected that Westbrook was engaged in criminal activity and the stop was therefore constitutionally justified.

The trial court did not make express findings of fact and conclusions of law. Thus, it is impossible to determine whether the court measured the facts by the probable cause or the reasonable suspicion standard. In any event, the State did not challenge the use of the probable cause standard at the suppression hearing. To the contrary, the prosecutor asserted in her argument to the court that the deputy "had probable cause to detain the defendant, and we would ask that this Motion to Suppress be denied." Notions of procedural default apply equally to the defendant and the State. *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998). The appellate principle that points not argued at trial are deemed waived applies to the State when it is the appellant. *Id*.

In the absence of findings of fact, we must assume that the court made implicit findings supported by the record that buttress its conclusions. *Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). We may not adopt a legal theory that leads to reversal if there is a viable theory that supports the trial court's ruling. *State v. Ross*, 32 S.W.3d 853, 858 (Tex. Crim. App. 2000). If, as the State argues, the testimony at the suppression hearing shows that the deputy reasonably suspected Westbrook, we may not assume that the trial court granted the motion to suppress because it erroneously applied the law to the facts. *Id*. Instead, we must assume that the court granted the motion because it did not credit the State's witnesses. *Id*. at 859.

2

The State's points of error are overruled and the trial court's suppression order is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   August 24, 2005

Do Not Publish