**Opinion issued August 2, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00411-CR

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**DESIREE HOPE RUSSELL, Appellee**

_____

**On Appeal from the County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Case No. 09-CCR-144297**

_____

## MEMORANDUM OPINION

The State of Texas appeals from the trial court's granting of appellee Desiree Hope Russell's motion to suppress evidence in the underlying case, in which she was charged with the offense of driving while intoxicated. In five points, the State urges that the trial court abused its discretion in granting Russell's

motion to suppress a forty-two-minute video and audio recording depicting Russell at the scene of her arrest and during the ride from the scene to jail.

We affirm.

## Background

On July 16, 2009, Russell was charged with driving while intoxicated which was alleged to have occurred on June 16, 2009. Russell moved to suppress a video and audio recording of her taken at the scene of her arrest and during her subsequent ride to jail in the back of the patrol car. The video and audio were recorded by the in-car camera of the arresting officer, Deputy J. Norsworthy of the Fort Bend County Sheriff's Department. At the hearing on the motion to suppress, the State presented the testimony of two deputies who were on the scene when Norsworthy activated his in-car camera, performed field sobriety tests, and arrested Russell. Norsworthy did not testify; it is undisputed that he died in an unrelated incident before the hearing.

Deputy M. Manuel testified that he was off-duty on June 16, 2009 when he saw a black SUV swerving in traffic. At the hearing, Manuel identified the driver of the vehicle as Russell. Manuel called the Fort Bend CountySheriff's Office dispatch to report the driver. When Russell stopped her SUV at a stop light, Manuel saw that Russell's eyes were closed and her head was down. He woke Russell and waited for an on-duty officer to arrive. He testified that he remained at

2

the scene after Norsworthy arrived and watched Norsworthy conduct the field sobriety tests and arrest Russell. Manuel testified that State's Exhibit one, a DVD containing a copy of the recording of Russell on the day of her arrest, accurately reflected what he saw on the road on the day of Russell's arrest. However, Manuel could not say whether Norsworthy conducted the field sobriety tests correctly because of the distance between him and Norsworthy. And while it did not appear to Manuel that any changes to the recording had been made, he testified that he could not be sure the recording had not been edited.

Deputy F. Turner also testified at the hearing. Turner testified that he arrived at the scene at about the same time as Norsworthy. Turner observed Norsworthy perform the field sobriety tests and could hear what Norsworthy said to Russell. On cross-examination, Turner admitted that there were times that he looked away from Norsworthy and Russell and that he did not see all parts of the field sobriety tests. With respect to authenticity, Turner testified that he had seen the recording on State's Exhibit one, and that it was an accurate video of what took place at the scene of the arrest.

Deputy B. Wall testified about the department's procedure for handling recordings made by in-car cameras. Wall stated that he was in charge of maintaining the department's recording system and fulfilling video copy requests. Wall explained the process by which he maintained the recordings, noting that the

3

in-car recordings automatically upload to the system when a patrol car enters the area surrounding the station. Wall testified that the software used to maintain the recordings did not allow for editing of any kind, that all hardware and software for the recording system were locked in his office, and that he specifically copied the recording contained on State's Exhibit one.

At the hearing, Russell's counsel urged the trial court to suppress State's Exhibit one based on lack of probable cause, because it violated Russell's right to confrontation, and because the State had failed to authenticate it. The State conceded that "there are statements throughout the video that are testimonial" and agreed that it would not "put in any evidence of Officer Norsworthy testifying to any material." But the State argued that the recording also contained Russell's "outbursts" which the State contended were "non-hearsay under [Rule] 801 that should definitely come in." The State also argued that "street-corner conversations . . . are non-testimonial . . . and that's what the majority of this case is." At the conclusion of the hearing, the trial court announced its ruling as follows:

> The Court: Counsel, I've heard the arguments. I read the cases; and based on the testimony that I've heard today and the viewing of the video, I'm going to deny the Motion to Suppress as far as probable cause; but I am going to suppress the video.
>
> The State: And Judge, just to be clear, is that the video in its entirety or just the testimonial?
>
> The Court: The video in its entirety.

4

. . . .

The State: I guess your finding is that it's testimonial. Is that why?

The Court: Well, there's —there[are] several issues.

The State: Okay.

The Court: I'm not going to go into them. I'm going to suppress the video.

The State: I understand. I understand.

The trial court entered findings of fact and conclusions of law. Its findings of fact state that State's Exhibit one contained, among other things, interrogations and questioning of Russell, Norsworthy administering scientific field sobriety tests, verbal questioning and conversation between Russell and Norsworthy, and Norsworthy verbally and physically arresting Russell. Its conclusions of law state that admitting State's Exhibit one, which contained testimonial hearsay statements, would violate Russell's right to confrontation guaranteed by the Sixth Amendment of the United States Constitution, the Texas constitution, and the hearsay rule. The trial court also concluded that the State failed to authenticate State's Exhibit one.

The State appealed. Importantly, although it proffered State's Exhibit one, the entire forty-two-minute recording, as its only exhibit at the hearing, the State notes that, on appeal, it "seeks appellate review" of only two discrete portions of State's Exhibit one: (1) a two-and-a-half-minute clip that depicts Russell performing field sobriety tests at the scene of her arrest, and (2) a two-minute clip

5

that depicts Russell's behavior in the back of Norsworthy's patrol car during a portion of the ride from the scene of her arrest to jail. In other words, the State seeks a reversal of the trial court's ruling with respect to two portions of the recording it contends are admissible despite the fact that the trial court was never asked to rule on their admissibility but, rather, was asked only to rule on the admissibility of the forty-two-minute recording in its entirety.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We review the record in the light most favorable to the trial court's ruling. *Id.* We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* We give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of the law to those facts. *Id.* Finally, we must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

## Analysis

Here, the trial court suppressed the entire forty-two-minute video and audio recording offered as State's Exhibit one. Although the State concedes the

6

inadmissibility of some portions of State's Exhibit one, it urges this court to determine that two short clips within State's Exhibit one are in fact admissible, and to reverse the trial court's ruling on the basis that the trial court should have admitted those two clips. Its brief states:

> The trial court suppressed the entire video of the investigation and [Russell's] arrest and ride to the jail. The State seeks appellate review of only the one-leg stand and the walk-and-turn field sobriety tests and a portion of [Russell's] ride to the jail showing her spontaneous statements and acts. . . . The trial court abused its discretion in suppressing at least these portions of the recording.

While portions of State's Exhibit one may have been admissible, the record does not reflect that the State ever proffered to the trial court—or obtained a ruling on the admissibility of—a redacted version of State's Exhibit one containing only the clips of which the State now seeks review. Rather, both the State and Russell argued the admissibility of State's Exhibit one as an all-or-nothing proposition. The only request they made of the trial court was that it rule on the admissibility of State's Exhibit one *in its entirety*.

The Court of Criminal Appeals has held the State, in an appeal from a trial court's decision to grant a motion to suppress, cannot obtain a reversal based on an argument that was not presented to the trial court. *See State v. Steelman*, 93 S.W.3d 102, 106–08 (Tex. Crim. App. 2002) (holding that State, in its appeal from trial court's ruling on motion to suppress, cannot rely on theory that was not presented to trial court). Similarly, here, the State cannot obtain a reversal of the

trial court's decision to suppress State's Exhibit one by seeking review of an evidentiary proffer different from the one offered in and ruled upon by the trial court. *See id.* Accordingly, we conclude that the State's argument on appeal—that this Court should reverse the ruling of the trial court as to two particular portions of State's Exhibit one, despite the fact that the trial court was never asked to rule on the admissibility of those two clips—has not been properly preserved and presented for interlocutory review.[1] *See* TEX. R. APP. P. 33.1(a); *Martinez v. State*, 91 S.W.3d 331, 337 (Tex. Crim. App. 2002) (noting that the "raise it or waive it" rule requiring the parties to bring to trial court's attention "the very complaint that party is now making on appeal" applies equally to State and defendant and holding that trial court "cannot be held to have abused its discretion merely by ruling on the only theories of law presented to it"); *State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex. Crim. App. 1998) (noting, in State's appeal from order suppressing evidence, "the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense," and courts of appeal have no latitude to reverse trial court's decision on theories not previously presented to trial court for its consideration).

---

[1] Because of this disposition, we do not address and express no opinion on the merits of the points of error raised by the State.

8

**Conclusion**

We affirm the trial court's order granting Russell's motion to suppress the video and audio recording contained in State's Exhibit one.


                                        Rebeca Huddle
                                        Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).