

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0799-19

---

**THE STATE OF TEXAS, Appellant**

**v.**

**SHEILA JO HARDIN, Appellee**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

---

SLAUGHTER, J., filed a concurring opinion.

### <u>CONCURRING OPINION</u>

I agree with the Court's statutory interpretation of Texas Transportation Code

Section 545.060(a) and its ultimate conclusion upholding the trial court's ruling granting

Appellee's motion to suppress. But, I write separately to observe that this situation appears

to be a classic case of reasonable mistake of law by the officer who pulled Appellee over.

*See Heien v. North Carolina*, 574 U.S. 54 (2014) (holding that officer's reasonable but

mistaken understanding of traffic law could nevertheless give rise to reasonable suspicion

to justify traffic stop). Here, the officer's mistaken interpretation of the law was entirely reasonable in view of the nuanced statutory language and the conflicting caselaw from this Court and the intermediate courts of appeals interpreting it. Thus, had the State raised the mistake-of-law issue in the trial court, it appears that the court would have erred by granting Appellee's motion over that argument. Nevertheless, the record reflects that the State did not raise any such argument in the trial court, instead urging only that the officer's understanding of Transportation Code Section 545.060(a) was in fact correct. Because the State did not raise any alternative argument based on mistake of law, this Court cannot now reverse the trial court's ruling on a basis not presented to it. *See State v. Mercado,* 972 S.W.2d 75, 77 (Tex. Crim. App. 1998). Therefore, being presented with no basis to reverse, I join the Court's opinion and write separately only to note that the State could have successfully raised mistake of law.

### I. *Heien v. North Carolina* **and Reasonable Mistakes of Law**

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. AMEND. IV. Warrantless traffic stops are a form of seizure and are permissible if supported by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). Reasonable suspicion is a totality-of-the-circumstances determination and is found to exist when the officer has specific, articulable facts that, when combined with rational inferences, would lead the officer to reasonably believe that an offense has been, or is about to be, committed. *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005).

In *Heien v. North Carolina*, the Supreme Court for the first time expressly recognized that an officer's reasonable mistake of law (and not just a reasonable mistake of fact) may give rise to reasonable suspicion justifying a temporary investigative detention. 574 U.S. at 57. In *Heien*, an officer stopped a vehicle because one of its two brake lights was out, but a court later determined that a single working brake light was all that the law required. *Id.*[1] The Supreme Court ultimately held that the officer's mistake about the meaning of the brake-light law was reasonable, such that the stop was lawful under the Fourth Amendment. *Id.* In explaining its reasoning, the Court first observed that the "ultimate touchstone of the Fourth Amendment is reasonableness." *Id.* at 60. It continued, "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for enforcing the law in the community's protection.'" *Id.* at 60–61 (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). Recognizing that the Court had already held that searches and seizures based on mistakes of *fact* can be reasonable, it further observed that the limiting principle of that rule is that such "mistakes must be those of reasonable men." *Id.* at 61 (quoting *Brinegar*, 338 U.S. at 176). The Court then extended this principle to situations involving reasonable mistakes of law, stating:

> But reasonable men make mistakes of law, too, and such mistakes are no less
> compatible with the concept of reasonable suspicion. Reasonable suspicion
> arises from the combination of an officer's understanding of the facts and his

---

[1] The law at issue in *Heien* provided that a car must be "equipped with a stop lamp on the rear of the vehicle. The stop lamp shall display a red or amber light visible from a distance of not less than 100 feet to the rear in normal sunlight, and shall be actuated upon application of the service (foot) brake. The stop lamp may be incorporated into a unit with one or more other rear lamps." N.C. Gen. Stat. Ann. § 20–129(g) (2007).

> understanding of the relevant law. The officer may be reasonably mistaken on either ground. Whether the facts turn out to be not what was thought, or the law turns out to be not what was thought, the result is the same: The facts are outside the scope of the law. There is no reason, under the text of the Fourth Amendment or our precedents, why this same result should be acceptable when reached by way of a reasonable mistake of fact, but not when reached by way of a similarly reasonable mistake of law.

*Id.* Applying these principles to Heien's case, the Court had "little difficulty concluding that the officer's error of law was reasonable" under those circumstances. *Id.* at 67. It examined the pertinent statutory language and observed that the statute was not entirely clear with respect to whether one or two brake lights was required. *Id.* at 68. "It was thus objectively reasonable for an officer in Sergeant Darisse's position to think that Heien's faulty right brake light was a violation of North Carolina law. And because the mistake of law was reasonable, there was reasonable suspicion justifying the stop." *Id.*[2]

## II. The officer's mistaken understanding of Transportation Code Section 545.060(a) was reasonable.

Applying the Supreme Court's reasoning in *Heien* to the situation at hand, the officer's mistaken understanding of Transportation Code Section 545.060(a) was entirely reasonable for Fourth Amendment purposes. The statute provides, in relevant part, that:

> (a)    An operator on a roadway divided into two or more clearly marked lanes for traffic

---

[2] I recognize that, unlike the present situation, the Supreme Court also considered that the provision at issue had "never been previously construed by North Carolina's appellate courts." *Heien*, 574 U.S. at 68. But the Court did not suggest that this was a condition precedent to applicability of the mistake-of-law doctrine. Instead, this was but one factor taken into account in examining the overall reasonableness of the officer's mistake. Further, as discussed in the next section, though the statute at issue here had been construed by several appellate courts, those interpretations were not all in agreement. Thus, before today's holding, the caselaw has been in a state of conflict on the meaning of this statutory language.

(1)     shall drive as nearly as practical entirely within a single lane; and

(2)     may not move from the lane unless that movement can be made safely.

TEX. TRANSP. CODE § 545.060(a). The Court's opinion concludes that this language means that a driver may lawfully briefly leave her lane of traffic, so long as doing so is not unsafe. But, as shown by the competing dissenting opinions in this case, reasonable minds can disagree on the meaning of the statutory terms. *See generally*, dissenting opinions of Keller, P.J., and Yeary, J. Thus, it is not implausible or unreasonable to argue that failing to "drive as nearly as practical entirely within a single lane" constitutes a violation of the statute, regardless of whether such action is in any way unsafe. Indeed, in this Court's plurality opinion in *Leming v. State,* four judges agreed with that view of the statutory language. 493 S.W.3d 552, 559–60 (Tex. Crim. App. 2016) (plurality op.).[3] Yet, prior to *Leming*, several intermediate appellate courts had reached the opposite conclusion and interpreted the statute in the manner adopted by this Court's opinion today.[4] Thus, the existence of these competing interpretations of the statutory language demonstrates that even a well-informed officer acting at the time of Appellee's traffic stop could have been reasonably mistaken as to whether her conduct constituted a violation of the law.

---

[3] Four judges, however, disagreed, joining two dissenting opinions. *See Leming*, 493 S.W.3d at 566 (Keasler, J., dissenting); *id.* at 573 (Newell, J., dissenting).

[4] *See State v. Houghton*, 384 S.W.3d 441 (Tex. App.—Fort Worth 2012, no pet.) (holding Section 545.060(a) to only be violated when a person drifted out of his or her lane in an unsafe manner); *State v. Cerny*, 28 S.W.3d 796 (Tex. App.—Corpus Christi-Edinburg 2000, no pet.) (same); *State v. Arriaga*, 5 S.W.3d 804 (Tex. App.—San Antonio 1999, pet. ref'd) (same); *Hernandez v. State*, 983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref'd) (same).

While this Court has not previously had the opportunity to consider whether an officer's mistaken interpretation of Transportation Code Section 545.060(a) may constitute a reasonable mistake of law satisfying Fourth Amendment concerns, the United States Fifth Circuit Court of Appeals has recently considered such a case and held that no Fourth Amendment violation occurred. *See United States v. Valenzuela-Godinez*, 816 Fed. App'x 914 (5th Cir. 2020) (per curiam). In that case, a police officer followed a driver for several miles and observed his vehicle "veer over the fog line several times." *Id.* at 915. The officer initiated a traffic stop based on his understanding of Section 545.060(a). *Id.* at 916. During the stop, officers discovered cocaine underneath the back seat. *Id.* In upholding the denial of the motion to suppress based on the officer's reasonable misunderstanding of the law, the Fifth Circuit noted that the disagreement between Texas appellate courts and the plurality opinion in *Leming* supported a conclusion that the officer's understanding, while mistaken, was reasonable. *Id.* at 918 ("In light of the statute's ambiguous text, coupled with the clear divide among Texas courts over its meaning, we hold that [the officer's] belief that Valenzuela-Godinez broke the law by failing to maintain a single lane of traffic, even if mistaken, was objectively reasonable."). Other Fifth Circuit decisions have also endorsed the applicability of mistake of law under similar scenarios involving Section 545.060(a). *See United States v. Cedillo*, 855 Fed. App'x 954 (5th Cir. 2021) (per curiam); *United States v. Neal*, 777 Fed. App'x 776, 776–77 (5th Cir. 2019) (per curiam) ("[A]ny belief by officers that [Section] 545.060(a) required only failure to maintain a lane (and not, in addition, unsafe movement), even if mistaken, was objectively reasonable.").

**III.    The State failed to raise mistake of law in the trial court, such that it cannot now rely on that theory to support reversal of the trial court's ruling.**

Notwithstanding the foregoing analysis, the State did not raise the issue of mistake of law in the trial court. Therefore, this Court may not now rely on that theory as a basis for reversing the trial court's suppression ruling here. That is because a reviewing court generally cannot reverse a trial court's ruling on grounds not presented to the trial court when reviewing a decision on a motion to suppress. *See Mercado*, 972 S.W.2d at 75; *see also Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (noting that "appellate courts may uphold a trial court's ruling on any legal theory or basis applicable to the case, but usually may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised"). Here, it does not appear from the record that the State ever advanced mistake of law as an alternative theory to justify the reasonableness of the officer's conduct. There was only a brief statement during the motion to suppress hearing where the State argued, in the middle of its closing, that:

> . . . knowing that he [the officer] was looking for something to stop [her] for, in his mind what was important in his report was the immediate cause that he was stopping [her] for, which was – he believed it was a violation for [her] to swerve into that lane and come back. *Whether it is or isn't, that was what he believed was the immediate cause for the stop.* And that's how he wrote his report.

This argument potentially alludes to the fact that the officer *did not have to be correct* about the law, so long as any mistake was reasonable. But this argument was too implicitly stated to plausibly raise a mistake-of-law issue here. Indeed, there was never any explicit argument regarding mistake of law, and neither the trial judge nor opposing counsel

addressed nor acknowledged the State's brief allusion to the officer's understanding of the law, whether right or wrong. Even now on discretionary review, the State does not argue in its brief to this Court that mistake of law should apply or that it should even be permitted at this juncture to argue that it does.

Thus, recognizing that mistake of law was not properly raised in this case, I agree with the Court's implicit determination that, although apparently meritorious, that argument cannot now serve as a basis to reverse the trial court's suppression ruling. With these comments, I join the Court's opinion upholding the trial court's suppression ruling.

Filed: November 2, 2022

Publish