**Affirmed and Memorandum Opinion filed August 29, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00407-CR

---

### WILLIAM JIMMERSON SCOTT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 21CR2404**

---

### MEMORANDUM OPINION

A jury convicted appellant William Jimmerson Scott of possession of a controlled substance with intent to deliver, in an amount of four grams or more but less than 200 grams. Appellant pleaded true to two prior enhancement offences, and the trial court assessed punishment at imprisonment for 50 years. In one issue appellant argues the trial court erred in overruling his motion to reveal the identity of the confidential informant (CI) because the affidavit for the search warrant was "flawed and made the confidential informant a necessary witness." We affirm.

**BACKGROUND**

Appellant filed three motions to reveal the identity of the CI. In the first motion appellant argued the State has "in its possession certain evidence obtained through reliance on information provided by an informer." Specifically, "drugs, paraphernalia, handguns, and cell phone." Appellant argued that reliance on the information provided by the CI was not reliable because the informant's "credibility and reliability is questionable and highly unreasonable." Appellant then requested, citing Texas Rule of Evidence 508(c)(3), the State to be ordered to reveal the name and location of the CI and information stemming from the CI.

In his second motion appellant argued that the State had possession of information provided by the CI and used to obtain the search warrant. Appellant argued the CI could give testimony necessary to a fair determination of guilt or innocence of appellant. Appellant then requested, citing Texas Rule of Evidence 508(c)(2), the State to be ordered to reveal the name and location of the CI and, if the State elects not to disclose such information, that the charges in this case be dismissed.

In his third motion appellant argued the State had possession of "evidence obtained through reliance on information provided by an informer. The evidence consists of contraband, weapon(s)." Appellant argued again that reliance on the information provided by the CI was not reliable because the informant's "credibility and reliability is questionable and highly unreasonable." Appellant then requested, citing Texas Rule of Evidence 508(c)(3), the State to be ordered to reveal the name and location of the CI and information stemming from the CI.

Appellant further filed a motion to suppress arguing the "evidence was seized after a search made on the basis of an invalid search warrant." Appellant argued the search warrant was invalid "because information was relied upon from

an unreliable source." Appellant argued that because the search warrant was invalid, the seizure of evidence violated appellant's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, Article I, Section 9 of the Texas Constitution, and article 38.23 of the Code of Criminal Procedure.

Prior to trial appellant argued his motion to suppress and motions to disclose confidential information and presented evidence to the trial court. Appellant called a detective from the Galveston County Sheriff's Office to testify. The detective testified the issuance of the search warrant was assisted by information provided by the CI and could not have been obtained without the CI's information. The CI was not present when the search warrant was executed or when the operation plan for the execution of the search warrant was put together. Appellant was arrested based on the execution of the search and arrest warrant. The detective testified he knew appellant was the same person the CI identified as the individual involved in the previous drug transactions based on the "totality of the circumstances," even though the CI was not present at the time of appellant's arrest.

The detective testified the CI referred to appellant as "Wicked." The CI informed the detective that "this guy or this person" was selling narcotics out of "this house." Once the detective was able to identify who the CI was talking about, the detective did research through the office's record management system. The detective looked at the address and phone number provided by the CI and located appellant based on those items. The detective showed this information to the CI and the CI advised that the individual, appellant, was Wicked, "the person selling narcotics out of this home." The detective then conducted surveillance to determine whether appellant lived at the address and "continued the investigation with the purchase of narcotics." The detective did not "personally eyewitness the

3

transaction." The actual transactions were conducted between the CI and appellant. The detective met with the CI four times on this case and did not believe the CI to be under the influence of narcotics at those meetings. The CI was paid, approximately twenty to forty dollars, prior to the issuance of the search warrant. The CI was not "trying to work off [his or her] own cases." The last time the detective met with the CI was a "couple of days" before the execution of the search warrant and the CI was not under constant surveillance during the time period between the last meeting with the CI and the execution of the search warrant.

Prior to the CI entering appellant's home the detective searched the CI for contraband. The detective testified the CI was used "exclusively for probable cause." Appellant was at the residence when the warrants were executed and appellant was the sole occupant. The detective found cocaine and appellant's cell phone at the residence. The detective believed the CI was reliable and credible. Prior to applying for the search warrant the detective showed a picture of appellant to the CI and asked whether it was Wicked, and the CI confirmed it was.

In arguing to the trial court, appellant contended that because the CI was paid money, the CI's reliability and credibility is called into question and because the detective could not have obtained the search warrant without information provided by the CI the trial court should order the State to identify the CI under Rule of Evidence 508(c)(2) and (c)(3), "because it is necessary for the jury to assess the credibility of the [CI] in person under 508(c)(2) for a fair determination of the guilt or innocence of [appellant], and also under 508(c)(3) to test whether the [CI's] credibility is reliable." The trial court denied the motions to disclose confidential informant and motion to suppress.

4

## GENERAL LEGAL PRINCIPLES

We review the trial court's ruling on a motion to disclose identity of a confidential informant under Rule 508 for an abuse of discretion. *State v. Lerma*, 639 S.W.3d 63, 68 (Tex. Crim. App. 2021); *State v. Dunn*, 611 S.W.3d 176, 179 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Generally, the State has a privilege to withhold the identity of any person who provided information relating to, or assisting in, the investigation of a possible crime. *Id.* If it appears from the evidence in the case, or from some other showing by a party, that an informant may be able to give testimony necessary to a fair determination of a material issue on guilt or innocence, and the State invokes the privilege, the judge must give the State an opportunity to show in camera facts relevant to determining whether the informant can, in fact, supply such testimony. *See* Tex. R. Evid. 508(c)(2). A party requesting disclosure under 508 has the threshold burden to demonstrate that the informant's identity must be disclosed. *Dunn*, 611 S.W.3d at 179. The Rule 508 burden is not a high one, and a defendant's burden is "to make a plausible showing of how the informant's information *may be* important." *Lerma*, 639 S.W.3d at 70.

To preserve a complaint for appellate review, the record must show the complaint was timely made to the trial court, the grounds were specifically stated or were readily apparent, the complaint complied with the rules of evidence or appellate procedure, and the trial court ruled or refused to rule on the complaint. Tex. R. App. P. 33.1(a); *see also Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). "Except for complaints involving fundamental constitutional systemic requirements . . . all other complaints based on a violation of both constitutional and statutory rights are waived by failure to comply with Rule 33.1." *Ibarra*, 11 S.W.3d at 197.

5

"The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). "Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to 'let the trial judge know what he wants, why he thinks he is entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Id*. at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

### ANALYSIS

Appellant argues the trial court improperly denied appellant's motion to reveal the identity of the CI because the "probable cause affidavit lacked critical information regarding probable cause that could only be provided by the confidential informant." Appellant contends that a "plain and clear reading of the probable cause affidavit relied upon by law enforcement for the search warrant shows that only the CI can provide missing information from the affidavit." Appellant urges that all four of the described transactions in the affidavit do not provide the necessary information to describe a "controlled buy scenario" because the affidavit states that the CI was searched prior to the buy and provided money, the CI was seen arriving at the listed address, and then after entering and exiting the residence the CI met up with law enforcement at a predetermined location. Appellant contends law enforcement did not properly control the transaction to ensure the narcotics were not produced from another location other than from appellant. Appellant contends the "lack of control of the CI and the alleged purchase is exactly why the CI was critical to the 'fair determination of guilt or

6

innocence'" and why appellant had the "right to confront and cross-examine the CI about the alleged transactions."

On appeal, appellant advances a completely new argument for why the trial court should have granted his motions to reveal the identity of the confidential informant. Appellant filed three such motions in the trial court. The first and the third were nearly identical, excepting in the evidence it claimed the State was in possession of. Both the first and third motions relied on Rule 508(c)(3) and argued the State had certain items in its possession through reliance on information provided by the CI and questioned the CI's credibility and reliability. The second motion relied on Rule 508(c)(2) and argued the State had possession of information provided by the CI and used to obtain the search warrant. Appellant argued "I think the fact that they are paying money to the C.I. calls into question the C.I.'s reliability and credibility in this case. As the Detective just testified, he could not have obtained the search warrant without information provided by the C.I. in this particular case." Appellant further argued "because it's necessary for the jury to assess the credibility of the confidential informant in person under 508(c)(2) for a fair determination of the guilt or innocence of [appellant], and also under 508(c)(3) test whether the informant's credibility is reliable."

Appellant did not contend, despite asking the detective about the details of the narcotics purchases between the CI and appellant, the narcotics purchases could not be considered "controlled purchases" because law enforcement did not have control over the transaction due to the lack of monitoring of the CI or that "a fair determination of the circumstances surrounding the application for the search warrant requires that the CI be identified and made available [] for questioning and potential cross-examination."

7

Because appellant did not make this argument in the trial court and allow the trial court the opportunity to rule on it or give opposing counsel the opportunity to respond to the complaint, we conclude this argument has not been preserved on appeal. *See Resendez,* 306 S.W.3d at 312; *see also State v. Mercado*, 972 S.W.2d 75, 77 (Tex. Crim. App. 1992) ("Although this Court has approved of appellate courts considering alternative theories of law applicable to the facts of the case which *support* the trial court's decision, we have not afforded the courts of appeals latitude to reverse a trial court's decision on new theories of law not previously presented to that court for its consideration."); *Martinez v. State*, 91 S.W.3d 331, 334–37 (Tex. Crim. App. 2002).

We overrule appellant's sole issue on appeal and affirm the judgment of the trial court.

/s/ Ken Wise
Justice

Panel consists of Justices Wise, Spain, and Hassan.

Do Not Publish — TEX. R. APP. P. 47.2(b).