

**NUMBER 13-17-00269-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**                                           **Appellant,**

**v.**

**JOHN STEVEN GOMEZ,**                                      **Appellee.**

**On appeal from the County Court at Law No. 2
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

The State, as appellant, appeals the granting of appellee John Steven Gomez's motion to suppress. By four issues, which we construe as two, the State argues that (1) the standard of review is de novo and (2) the trial court committed reversible error by granting Gomez's motion to suppress. We affirm.

## I. BACKGROUND

On May 16, 2016, Gomez was charged by information with the offense of driving while intoxicated, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2017 1st C.S.). Gomez moved to suppress the evidence on the basis that the officer lacked probable cause to arrest him.

At a suppression hearing, Victoria police officer Justin Horne testified that, on the morning of January 1, 2016, at around 7:00 a.m., he observed a vehicle pull into an empty parking lot. He testified that he noticed the vehicle pulled in beyond the pavement, so that part of the vehicle was in the grass and part remained in the parking lot. The parking lot was not directly adjacent to any businesses, though there were businesses and restaurants in the area. Horne testified that he considered the location of the vehicle and the way it was parked to be "kind of an odd thing."

Upon noticing the vehicle, Horne also pulled into the parking lot to do a "welfare" check. He did not activate his lights and testified that at the time, he did not intend to make an arrest. He approached the driver's side of the vehicle and upon contact with Gomez, the driver, he noticed the odor of alcohol and the driver confirmed he had consumed "a couple of beers." At this point, Horne determined he needed to conduct further investigation to determine if the driver had been driving while intoxicated, which led to the arrest of Gomez.

Horne acknowledged that he did not observe Gomez violate any traffic laws, nor did he believe at the time he saw the vehicle that any criminal activity was afoot. He was not able to identify the number of passengers until he approached the vehicle. The driver never signaled to Horne that he needed assistance or was in distress.

The trial court granted Gomez's motion to suppress and this appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw through 2017 1st C.S.) (permitting State to appeal order in criminal case granting a motion to suppress evidence). The trial court issued the following findings of fact:

a. On January 1, 2016 Victoria Police Department Patrol Officer Justin Horne was traveling to the North side of Victoria, Texas to begin his patrol shift.

b. Officer Horne was traveling north bound at or near the intersection of Crestwood Street and Main Street in Victoria, Victoria County, Texas when he observed a black Dodge Journey pull into a parking lot at approximately 7:00 a.m.

c. When parking in the parking lot, the vehicle parked on an unpaved portion directly adjacent to a parking lot space.

d. The parking lot contains several businesses, one of which is a restaurant that serves breakfast. There are also some businesses in which the shopping center space has not been completed.

c. Officer Horne did not see or observe the vehicle commit a traffic offense.

f. Officer Horne did not observe any evidence that criminal activity was afoot.

g. Officer Horne did not observe any level of distress by any individual operating or riding in the vehicle.

h. Officer Horne did not observe evidence of mechanical distress of the vehicle.

i. At first, Officer Horne could not determine whether the vehicle contained passengers, nor could Officer Horne determine if the driver of the vehicle was male or female.

j. Officer Horne did not see any evidence that any individual in or around the vehicle presented a danger to himself or others.

k. Part of Officer Horne's duties as a peace officer is to assist individuals in need of help as well as investigate criminal activity.

3

l.   Officer Horne did not see any indication that any individual needed assistance or help, only that the manner in which the vehicle parked in the parking lot was odd.

m.   After the vehicle parked in the parking lot, Officer Horne pulled in behind the vehicle.

n.   Officer Horne observed that the vehicle had a driver and passenger.

o.   Officer Horne approached the vehicle and requested the identification of the driver and a female passenger. Officer Horne offered no testimony as to whether he asked any questions related to the welfare of the occupants in the vehicle.

p.   Officer Horne did not relate during the hearing whether he observed any distress to any particular individual, nor any need for his assistance.

q.   Following the request for identification, Officer Horne smelled an odor of alcohol and began an investigation for the offense of driving while intoxicated.

r.   Following the investigation, Officer Horne arrested the Defendant for the offense of [d]riving while intoxicated.

The trial court also issued the following conclusions of law:

a.   An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ballentine v. State*, 71 S. W.3d 763, 768 (Tex. Crim. App. 2002).

b.   Reasonable suspicion exists if an officer has specific, articulable facts, that combined with rational inferences from those facts . . . would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Garcia v. State*, 43 S.W.3d 527,530 (Tex. Crim. App. 2001).

c.   The Court concludes that Officer Horne's testimony did not reveal that Officer Horne observed the vehicle driven by Defendant commit a traffic offense, nor that Defendant was, had been, or soon would be engaged in criminal activity.

d.   The Court concludes that Officer Horne did not testify as to any specific, articulable facts, combined with rational inferences from those facts that would lead him to reasonably conclude that

4

Defendant was, had been, or soon would be engaged in criminal activity.

e.  Parking in a parking lot is lawful.

f.  To invoke the community caretaking exception, an officer's primary motive must be concern for the individual's well-being. *Corbin v. State*, 85 S.W.3d 272, 277 (Tex. Crim. App. 2002).

g.  When determining whether Officer Horne acted reasonably in stopping, seizing, contacting or detaining the Defendant to determine if he needed assistance, the Court considered the following non-exclusive factors: (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and (4) to what extent the individual—if not assisted—presented a danger to himself or others. *Corbin*, 85 S. W.3d at 277.

h.  Here there was no evidence that any distress was exhibited as to any individual in the vehicle or to the vehicle itself.

i.  There was no evidence that Defendant required Officer Horne's assistance.

j.  The vehicle pulled safely into a location, a parking lot in which legitimate businesses operate, and was off the roadway away from any danger.

k.  Officer Horne initially had no information as to whether the Defendant was alone or accompanied by passengers who could have assisted or aided in the event there was distress.

l.  Officer Horne discovered that there was in fact a driver and passenger in the vehicle from which Defendant could have obtained assistance if Defendant required any.

m.  The testimony at the hearing did not demonstrate that Officer Horne reasonably pursued any investigation to determine whether there was any distress being suffered by any particular individual.

n.  Under the circumstances of this case, this Court concludes that, as parking in a parking lot is lawful, and there was no other observed criminal activity including any traffic violations observed by Officer

5

Horne prior to his contact with Defendant, there was no reasonable suspicion to contact, seize or detain Defendant.

o.  Further, the Court concludes that Officer Horne did not act reasonably in administering or invoking the community caretaking function and that his primary motivation was to indulge a curiosity he viewed as "odd" rather than to render assistance to any occupant in the vehicle. Officer Horne did not reveal any facts that he observed any indication of distress or the need for his assistance prior to his contact with Defendant. During his initial contact he observed that Defendant was not alone in the vehicle. Officer Horne did not establish that he inquired into the welfare of any of the occupants of the vehicle.

p.  It was unreasonable to conclude Defendant was experiencing distress, mechanical, health related, or otherwise. Officer Horne did not reveal any observations that would lead him to make such a conclusion. Further, Officer Horne's testimony and the facts establish that Defendant had access to assistance, in the event any was required as he was within in the city limits of Victoria, Victoria County, Texas, seizure of Defendant was at or near 7:00 a.m., Defendant was parked in a parking lot near businesses, and was not alone.

Upon the State's motion, we abated the appeal on July 14, 2017, and remanded to the trial court for supplemental findings of fact and conclusions of law to address additional potential case-dispositive factual matters. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The trial court later issued the following supplemental findings of fact and conclusions of law:

1.  The Trial Court believes and finds that Officer Horne did not turn on his overhead lights when he approached Appellee's vehicle.

2.  The Trial Court believes and finds that the parking lot where Officer Horne made contact with the Appellee was a public place and accessible to the public.

3.  The Trial Court cannot find any relevant information in the record to support a finding that Officer Horne told the Appellee or the Appellee's passenger that they were not free to leave prior to Officer Horne smelling alcohol on the Appellee.

6

4.  The Trial Court cannot find any relevant information in the record to support a finding that Officer Horne issued any orders to the Appellee or the Appellee's passenger prior to smelling alcohol on the Appellee.

5.  The Trial Court cannot find any relevant information in the record to support a finding that Officer Horne drew his weapon on the Appellee or the appellee's passenger at any time during the encounter between the officer and the Appellee.

6.  The Trial Court cannot find any relevant information in the record to support a finding that Officer Horne ordered the Appellee and/or the Appellee's passenger to exit their vehicle at any time prior to Officer Horne smelling alcohol on the Appellee.

7.  The Trial Court cannot find any relevant information in the record to support a finding that Officer Horne engaged in any conduct other than asking the Appellee and his passenger questions when the officer approached their vehicle.

We reinstated the appeal on August 16, 2017.

## II. DISCUSSION

The State claims the trial court erred in granting Gomez's motion to suppress. Specifically, the State argues Gomez's detention was justified because Officer Horne's initial interaction with Gomez was a consensual interaction. Because it was not a seizure, the State argues, Officer Horne's initial contact with Gomez was lawful because he was not required to have reasonable suspicion, probable cause, or any other justification to make contact with Gomez.

Gomez contends that the State waived the consensual encounter argument by failing to raise it with the trial court below. *See* TEX. R. APP. P. 33.1(a)(1)(A) (to present a complaint for appellate review, the record must show that the complaint was made with "sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context").

### 1. Standard of Review

7

We review a trial court's decision on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Under our abuse of discretion analysis, we use a bifurcated standard. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc) (citing *Guzman v. State*, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997) (en banc)); *see also Urbina v. State*, No. 13–08–00562–CR, 2010 WL 3279390, at *1 (Tex. App.—Corpus Christi Aug. 19, 2010, pet. ref'd) (mem. op., not designated for publication). We give almost total deference to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (citing *Guzman*, 995 S.W.2d at 89). We "review de novo 'mixed questions of law and fact' that do not depend upon credibility and demeanor." *Id.* (quoting *Montanez v. State*, 195 S.W.3d 101, 107 (Tex. Crim. App. 2006)); *Guzman*, 995 S.W.2d at 89.

"When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). "Similarly, regardless of whether the trial court has made express conclusions of law, we uphold the trial court's ruling under any theory supported by the facts because an appellate court reviews conclusions of law de novo." *Id.* Under our de novo review, we are not required to defer to a trial court's particular theory. *Id.* This "rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz v. State*, 123 S.W.3d 401, 403 (Tex. Crim. App. 2003); *see also State v. Rodriguez*, 13-13-00335-CR, 2015 WL 3799353, at *3 (Tex. App.—Corpus Christi June 18, 2015, pet. ref'd).

**2.    Applicable Law**

Preservation of error is a systemic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). To preserve error, the complaining party must let the trial court know what he wants and why he thinks he is entitled to it, and do so clearly enough for the court to understand and at a time when the trial court is in a position to do something about it. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014); *Clarke v. State*, 270 S.W.3d 573, 580 (Tex. Crim. App. 2008).

> As this Court stated in *State v. Mercado*, under [Texas Rule of Appellate Procedure 33.1], the issue is not whether the appealing party is the State or the defendant or whether the trial court's ruling is legally "correct" in every sense, but whether the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal. This "raise it or waive it" forfeiture rule applies equally to goose and gander, State and defendant.

*Martinez* v. *State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (citing *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998)).

We will uphold the trial court's ruling under any applicable theory of law supported by the facts of the case whether we infer the fact findings or consider express findings. *Alford v. State*, 400 S.W.3d 924, 929 (Tex.Crim.App.2013). But a "theory of law" is applicable to the case only if the theory was presented at trial in such a manner that the appellant was fairly called upon to present evidence on the issue. *State v. Copeland*, 501 S.W.3d 610, 612–13 (Tex. Crim. App. 2016).

**3.    Analysis**

By their first issue, the State argues that the standard of review in this case is de novo, arguing that the facts are not in dispute, only a question of law. We agree, therefore, the State's first issue is sustained.

9

Gomez argues that, at the trial court level, the State only presented an argument that Officer Horne's actions were justified under the community caretaking function, not as a consensual encounter. We agree.

Gomez argued at the suppression hearing that the community caretaking function was not applicable in this case, and at the hearing, the State asked Officer Horne pointed questions relating to his approach of Gomez's vehicle and his encounter with Gomez, including whether or not he activated his patrol vehicle's lights and whether he performed an investigative detention or had intent to arrest Gomez. When given the opportunity by the trial court to present case law supporting its arguments in contrast to Gomez's case relating to the caretaking function for the trial court's consideration, the State responded: "The cases—the cases are all relatively the same. I mean, depending on the facts the Court overruled—the Court ruled, but it's all generally based on the facts, the factors are all the same." The trial court then granted Gomez's motion to suppress, stating clearly that the factors of the caretaking function were not met. Further, it is clear from the trial court's extensive findings of fact and conclusions of law that it based its ruling on the argument presented, the community caretaking function of the officer; meaning the consensual encounter argument was not brought to the attention of the trial court.

At the suppression hearing, the State never argued that this was a consensual encounter between the officer and Gomez as it now argues on appeal. Thus, to the extent that the State now makes this argument, we conclude that it does not comport with its argument to the trial court. *See Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (explaining that the grounds raised on appeal must comport with the objections made before the trial court). Moreover, we cannot reverse the trial court's judgment on grounds

not presented to it. *See State v. Rhinehart*, 333 S.W.3d 154, 162 (Tex. Crim. App. 2011) (stating that "ordinary rules of procedural default" apply to "losing party" in trial court); *Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002) ("It is well-settled that . . . it violates ordinary notions of procedural default for a Court of Appeals to reverse a trial court's decision on a legal theory not presented to the trial court by the complaining party.") (quotations omitted); *Mercado*, 972 S.W.2d at 78 ("[I]n cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense."); *see Martinez*, 91 S.W.3d at 336 (noting that we may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case but was not raised); *see also Rodriguez*, No. 13-13-00335-CR, 2015 WL 3799353, at *8 (finding that the State's argument at the appellate level did not comport with its argument to the trial court, and therefore, could not be considered for the first time on appeal). The trial court's ruling was specifically limited to the facts and legal arguments presented to it. Thus, the trial court cannot be held to have abused its discretion in ruling on the only theory of law presented to it. *Mercado*, 972 S.W.2d at 78.

We overrule the State's second, third, and fourth issues.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of August, 2018.

11