

# NUMBER 13-20-00559-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                                    Appellant,

v.

DAVID TORRES,                                                                                Appellee.

## On appeal from the 156th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant, the State of Texas, challenges the trial court's judgment granting appellee David Torres's "Motion to Determine Admissibility of Evidence" (motion to suppress). By one issue, the State contends that the trial court erred in granting appellee's motion to suppress because it was conducted pursuant to a valid exception to the warrant requirement. We affirm.

## I.    BACKGROUND

Appellee was indicted for possession of a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. Appellee filed a motion to suppress, arguing that his vehicle was illegally searched "without a warrant, without probable cause[,] and without voluntary consent." At the hearing on appellee's motion, the State presented two deputies from the Bee County Sheriff's Office, Deputy Guadalupe Munoz and Deputy Jonathan Billman.

Deputy Munoz testified that he was driving with his field training officer, Deputy Billman, and they stopped appellee for a traffic violation after failing to signal when getting onto the highway. *See* TEX. TRANSP. CODE ANN. § 545.104(b). Upon approaching appellee's vehicle, Deputy Munoz noticed the smell of alcohol coming from appellee and Deputy Billman observed open containers in the vehicle. Deputy Billman instructed Deputy Munoz to remove the driver from the vehicle, at which point Deputy Munoz also observed the open containers in the vehicle. Deputy Munoz stated that there were several cans of beer located on the passenger side of appellee's vehicle; some full and unopened, and one open with beer still inside the can. He also noted there were unopened cans located in the backseat of the vehicle behind the driver's seat. At that point, Deputy Billman began a search of the vehicle. Deputy Billman then instructed Deputy Munoz to check the center console of the vehicle, wherein two small bags of a white powdery substance were discovered, which he believed to be cocaine.

On cross-examination, Deputy Munoz explained that at the point of removing appellee from his vehicle, he did not suspect appellee had been driving while intoxicated

2

and no field sobriety test was performed. Munoz testified that having an open container in your vehicle is not an arrestable offense, but rather a citation is issued. Nonetheless, because they had observed an open container, Deputy Munoz believed he and Deputy Billman had probable cause to search the vehicle, including the center console, for open containers.

Deputy Billman testified that he began the search of appellee's vehicle after observing the open containers and instructing Deputy Munoz to remove appellee from the vehicle. Deputy Billman explained that he opened the glove compartment and did not find any open containers. From there, he opened the center console, removed the small tray on top, and upon his search in the main compartment of the console, he discovered two small bags containing a white powdery substance, which he believed to be cocaine. Because he was operating as Deputy Munoz's field training officer, he left the bags in the console and instructed Deputy Munoz to perform the search so that Deputy Munoz could become more familiar with locating, collecting, and processing evidence.

On cross-examination, Deputy Billman agreed that the open container offense was not an arrestable offense and confirmed that his search of the vehicle was for additional open containers. He searched the center console because he believed it was large enough to conceal additional open containers.

After argument from counsel, the trial court stated: "I really don't like the lifting of the tray in the console. That really concerns me. I think that went way beyond the open container search. So, based on that, I am going to grant the motion." Subsequently, the trial court issued and order granting appellee's motion which contained findings of fact

3

and conclusions of law. The State filed this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5).

## II.    MOTION TO SUPPRESS

### A.    Standard of Review

"We review a trial court's denial of a motion to suppress for an abuse of discretion" and apply a bifurcated standard of review. *Wells v. State*, 611 S.W.3d 396, 405 (Tex. Crim. App. 2020). "In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Harris v. State*, 468 S.W.3d 248, 254 (Tex. App.—Texarkana 2015, no pet.) (quoting *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999)). Thus, "[w]e should afford almost total deference to a trial court's determination of the historical facts that the record supports[,] especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Id.* (internal quotation marks omitted) (quoting *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). However, "[w]e review 'de novo the [trial] court's application of the law of search and seizure to those facts.'" *Id.* (quoting *Ross*, 32 S.W.3d at 856). "The evidence should be viewed 'in the light most favorable to the trial court's ruling.'" *Id.* (quoting *Ballard*, 987 S.W.2d at 891).

### B.    Discussion

On appeal, the State contends that the search of appellee's vehicle was a valid search pursuant to the search incident to arrest doctrine.[1] Appellee responds that the

---

[1] To the extent the State attempted to reassert on appeal its arguments made before the trial court, we note this potential argument was done in three sentences in which the State broadly states that the search was "pursuant to a valid exception to the warrant requirement of the Fourth Amendment" because appellee violated a state law "in the presence of members of law enforcement." Citing only the Texas Penal

4

State's argument on appeal "does not align with its argument before the trial [c]ourt, and is therefore barred by procedural default." We agree. *See State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex. Crim. App. 1998) (holding that while a trial court's suppression ruling can be affirmed on any basis, it cannot be reversed on a legal theory not presented to the trial court). The differences between the arguments impact whether the State failed to preserve error by not giving the trial court the opportunity to rule on the argument that the State makes to us. *See id.* We hold the State never presented with the argument it now makes on appeal to the trial court with sufficient clarity for that court to understand why it was allegedly making the error that the State now contends it made. *See id.*

The focus of the State's argument on appeal is that the trial court should have denied appellee's motion to suppress because the warrantless search was conducted pursuant to the search incident to arrest exception. However, at the hearing on appellee's motion to suppress, the State argued the warrantless search was justified by probable cause upon the deputies discovering open containers in the vehicle. Generally, the complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial."); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports

Code for the open container violation, *see* TEX. PENAL CODE ANN. § 49.031, the State provided no authority for any exception to the search warrant requirement other than a search incident to arrest. *See* TEX. R. APP. P. 38.1(h),(i). Accordingly, we decline to construe any arguments made by the State on appeal to comport with its arguments made before the trial court.

5

with the complaint made at trial.").

Even if the State had made the argument justifying the search as incident to arrest that it now makes on appeal, we would not be persuaded. A search incident to arrest must be contemporaneous with an arrest. *See State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014) (citing *Vale v. Louisiana*, 399 U.S. 30, 33 (1970)). Here, both deputies testified that appellee was not under arrest at the time of the search, nor was there intent to arrest him as an open container violation is not an arrestable offense. *See* TEX. PENAL CODE ANN. § 49.031.[2] Because the arrest was a result of the search, it cannot be said to have been conducted incident to arrest, and therefore, the exception argued on appeal does not apply. We overrule the State's sole issue on appeal.

### III.  CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
14th day of July, 2022.

---

[2] Texas Penal Code § 49.031(e) states:

A peace officer charging a person with an offense under this section, instead of taking the person before a magistrate, shall issue to the person a written citation and notice to appear that contains the time and place the person must appear before a magistrate, the name and address of the person charged, and the offense charged. If the person makes a written promise to appear before the magistrate by signing in duplicate the citation and notice to appear issued by the officer, the officer shall release the person.

TEX. PENAL CODE ANN. § 49.031(e).